Gregory Keenan (*pro hac vice* pending)
DIGITAL JUSTICE FOUNDATION
81 Stewart Street
Floral Park, New York 11001
(516) 633-2633
Gregory@DigitalJusticeFoundation.org

Andrew Grimm (*pro hac vice* pending)
DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive
Omaha, Nebraska 68154
(531) 210-2381
Andrew@DigitalJusticeFoundation.org

Ryan Hamilton (SBN 291349)
HAMILTON LAW LLC
5125 South Durango, Suite C
Las Vegas, Nevada 89113
(702) 818-1818
Ryan@HamLegal.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| THE ESTATE OF ISABELLA "BELLA" HERNDON, JOHN HERNDON, J.H., *a minor*, T.H., *a minor*,<br><br>*on behalf of themselves and others similarly situated,*<br><br>            *Plaintiffs*,<br><br>    v.<br><br>NETFLIX INC.,<br>            *Defendant*. | Case No. 4:21-cv-6561-YGR<br><br>**Declaration of Andrew Grimm regarding Defendant's administrative motion to strike [Dkt. 55] and defense counsel's declaration in support thereof [Dkt. 55-2]** |

I, Andrew Grimm, an attorney at the DIGITAL JUSTICE FOUNDATION and counsel for Plaintiffs in the above-captioned case—the Estate of Isabella "Bella" Herndon, John Herndon, J.H., a minor, and T.H., a minor, on behalf of themselves and others similarly situated—hereby make this Declaration regarding Defendant's administrative motion to strike [Dkt. 55] and the candor of defense counsel's declaration filed in support thereof [Dkt. 55-2].

The following statements are true to the best of my knowledge, information, and belief, and I could testify to them if called as a witness:

**1.** Misleading Omissions in Defense Counsel's Declaration: Local Rule 7-11(a) requires that an administrative motion "**must be**" accompanied by "a declaration that explains why a stipulation **could not** be obtained." Civ. L.R. 7-11(a) (emphasis added). In light of Local Rule 7-11(a)'s requirement, the declaration submitted by defense counsel, Dkt. 55-2, is materially misleading regarding Plaintiffs' counsel.

    a. Defense counsel declares that "Plaintiffs' counsel did not agree to the stipulation, so Netflix filed the instant administrative motion to strike." Dkt. 55-2 at 2 ¶ 2. In truth, Plaintiffs' counsel had not taken any position regarding the motion at that time the declaration was submitted on a Friday night after hours. Instead, Plaintiff had asked, via email, clarifying questions regarding defense counsel's views and offered an alternative stipulation. Defense counsel did not respond to the clarifying questions and then went ahead and filed the administrative motion and declaration, implying to the Court that Plaintiff had taken a position regarding the motion at the time that declaration was filed.

    b. Defense counsel nowhere mentioned that Plaintiffs' counsel had offered an alternative stipulation, offering Defendant as much additional time to file its reply brief as it wished—above and beyond the 21 days to reply that had already been stipulated to by Plaintiffs' counsel. Defense counsel simply ignored that proposed alternative stipulation and completely failed to make any mention of Plaintiffs' proposed alternative stipulation in their declaration. Dkt. 55-2 at 2. That's misleading because Local Rule 7-11(a) requires a declaration regarding "why a stipulation could not be obtained."

   **c.** Completely omitting that Plaintiffs' counsel had proposed an alternative stipulation which defense counsel simply ignored is highly misleading.  So is saying that a stipulation could not be obtained because "Plaintiffs' counsel did not agree to the stipulation" when in truth, Plaintiffs' counsel's clarifying questions went unanswered and when those clarifying questions could have resulted in a compromise solution to which the Parties' could have stipulated.

   **d.** Frankly, Plaintiffs' counsel still do not understand why a stipulation could not have been agreed upon, rather than trifle this Court.  Defendant's suggestion that a stipulation could not have been obtained because "Plaintiffs' counsel did not agree to the stipulation" is highly misleading because at the time of defense counsel's declaration Plaintiff had (1) asked clarificatory questions about defense counsels' positions and (2) proposed an alternative stipulation in an attempt to assuage defense counsels' potential concerns.

**2.** <u>Defense Counsel's Refusal to Clarify</u>:  I also remain confused as to why defense counsel did not simply clarify Plaintiffs' actual position and transparently convey the true course of communications between the counsel when my concerns were raised.  On Friday, December 3, 2021, the night defense counsel filed their declaration, I raised my concerns regarding the candor of that declaration, as defense counsel's supervising attorney, Blanca Young, acknowledged in an email to me ("After you raised questions about the Batza declaration on Friday…").  Yet, as of one full week later, defense counsel still refuses to amend or supplement their declaration to clarify any confusion and to resolve this matter.

**3.** <u>Ad Hominem Misrepresentations</u>:  Plaintiffs' counsel are also very concerned with defense counsel's false ad hominem misrepresentations in its Administrative Motion:

   **a.** Defense counsel says that "Plaintiffs have blatantly violated the Local Rules." Dkt 55 at 4.  Yet, Defendant's counsel has not identified any Local Rule prohibiting amended filings.

b. Defense counsel says that "this is not the first time that Plaintiffs' counsel has violated Local Rules." Dkt 55 at 5. Again, defense counsel has not identified any Local Rule that Plaintiff's counsel has violated and they have refused to identify one, let alone one that has been repeatedly violated.

c. Defense counsel says that the "Amended Opposition also impermissibly exceeds the 25-page limit by at least a page. See Local Rule 7-3(a)." Dkt. 55 at 4. This too is misleading and trifling. The Local Rules permit 28 lines per page. Civ. L.R. 3-4(c)(2). Plaintiffs' counsel have consistently styled their briefs with additional white space for the convenience of the reader, using only approximately 25 lines per page. But, if the full 28 lines per page are used, as the attached redline and reformatted versions of the amended opposition show, the amended opposition is in fact <u>*two pages under the page limit*</u> of 25 pages of argument at 28 lines per page. I would have explained this to defense counsel had they been willing to meet and confer regarding this issue prior to rushing ahead with their administrative motion.

d. Defendant's counsel level serious, unfounded, and misleading accusations against Plaintiffs' counsel in public court filings, without even the professional courtesy of a phone call or meet and confer regarding these matters. Instead, defense counsel persist in vitriolic rhetoric with unsubstantiated accusations of unspecified rule violations. Indeed, the Administrative Motion repeatedly references sanctions for violations of rules, Dkt. 55 at 4, without identifying what specific rule defense counsel believes to be implicated here. Plaintiffs' counsel is frankly exasperated and confused by defense counsels' behavior. I remain perplexed as to why defense counsel did not simply pick up the phone and confer regarding these matters, rather than rushing to Court with a misleading administrative motion and declaration.

**4.** Plaintiffs' counsel is also confused regarding defense counsels' misrepresentation of the Federal Rules. Defense counsel says: "There is no Rule or Court Order that authorizes a

strategy of 'seek forgiveness, not permission.'" Dkt. 55 at 5.  This is patently false: Federal Rule of Civil Procedure 6(b)(1)(B) expressly permits late court filings, even though that's not what happened here:

a.  Notably, Plaintiffs timely filed a brief opposing Defendant's anti-SLAPP motion in full. Dkt. 53.  Then, Plaintiffs filed an amended brief that primarily clarifies the writing for the convenience of the Court.

b.  The amended opposition, Dkt. 54, was filed for a few reasons.  The first was to correct typographical errors and update the table of authorities for the Court's convenience and improved readability.  The amendment also added clarificatory headers of arguments already made.

c.  Although Defendant's original anti-SLAPP motion was originally filed in early September, Plaintiffs' counsel did not have months to attend to the issues in the motion because of the need to learn the complex CAFA issues in this case and brief them to the Court.  See Dkt. 25, 26, 38.  Then, after the Court denied the motion to remand, Dkt. 45, Plaintiffs' counsel had only 10 days to file a petition to the Ninth Circuit and then, in the midst of the Thanksgiving Holiday, only a week thereafter to submit the original opposition, Dkt. 53.  Furthermore, in the midst of preparation of the opposition to the anti-SLAPP, lead Plaintiffs' counsel had to spend significant amounts of time discussing the case with Plaintiffs, including that a death certificate for his daughter would need to be filed in the case, the procedural complexity of the case give the remand-related motion and petitions, among a number of other factors.  These client needs and the Thanksgiving Holiday significantly cut into the time that would have otherwise been spent briefing, but Plaintiffs' counsel nonetheless timely submitted a full opposition, Dkt. 53.

d.  The First Amendment section was amended for an additional reason: Plaintiffs' counsel identified that defense counsel had miscited a Supreme Court dissent as though it was a

Supreme Court opinion as a basis for dismissing this case.  <u>See</u> Dkt. 56.  That realization caused Plaintiffs' counsel to revise its discussion of the First Amendment.  But, notably, both sides have asked this Court not to address the issue unless all other issues are decided first.  Furthermore, Plaintiffs' counsel expressly requested supplemental briefing because of the complexity of the First Amendment issue, in the event that the Court wishes to decide it.

**5.** Defense counsel seems committed to contriving controversies rather than simply engaging the merits of this dispute.  This case presents a serious matter: it is a wrongful death case involving hundreds of minors.  Plaintiffs' counsel is a coalition of non-profit attorneys working hard for a grieving family who could not otherwise procure any representation because of the prohibitive cost of for-profit representation and because of the chilling effect imposed by the prospect of anti-SLAPP fees.  Plaintiffs' counsel understand that the Parties have alternative views of the merits, but this dispute should be governed by the merits of the law not influenced by defense counsels' persistent bully tactics, unfounded accusations of frivolity and unspecified rules violations; and repeated threats that Plaintiffs' counsel withdraw court filing.

I hereby declare that the above statements in this Declaration are true to the best of my knowledge and belief, and that I understand that these statements are made for use as evidence in court and are subject to penalty for perjury.

DATED: December 10, 2021                    Respectfully submitted,

                                            <u>/s/ Andrew Grimm</u>
                                            Andrew Grimm (*pro hac vice* pending)
                                            DIGITAL JUSTICE FOUNDATION
                                            15287 Pepperwood Drive
                                            Omaha, Nebraska 68154
                                            (531) 210-2381
                                            Andrew@DigitalJusticeFoundation.org

                                            *Attorney for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing *GRIMM DECLARATION* on:

Ms. Blanca F. Young
MUNGER, TOLLES & OLSON LLP
560 Mission Street,
Twenty Seventh Floor
San Francisco, California 94105
(415) 512-4000
(415) 512-4077 (fax)
blanca.young@mto.com

Ms. Jennifer L. Bryant
Ms. Cory M. Batza
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071
(213) 683-9100
(213) 687-3702 (fax)
jennifer.bryant@mto.com
cory.batza@mto.com

*Attorneys for Defendant Netflix, Inc.*

via **electronic filing** in CM/ECF.

Dated: December 10, 2021            */s/ Ryan Hamilton*
                                    Ryan Hamilton