UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF B.H., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NETFLIX, INC.,<br><br>Defendant. | Case No.  4:21-cv-06561-YGR<br><br>ORDER DENYING PLAINTIFFS' ADMINISTRATIVE MOTIONS<br><br>Dkt. Nos. 62, 64 |

Plaintiffs' counsel has filed two "administrative" motions in this case.  The first motion raises three requests: (1) leave to amend the complaint based upon the Court's determination of the pending motion to strike and dismiss; (2) leave to conduct discovery pending this Court's determination of the motion to strike and dismiss; and (3) leave to supplement briefing should the Court need to reach First Amendment issues in connection with the motion to strike and dismiss. While styled as such, this is an improper motion for administrative relief.  Civil Local Rule 7-11 applies to "miscellaneous administrative actions."  Here, the motion raises substantive matters directly implicated by the pending motion to strike and dismiss.  The Court declines the invitation to prematurely address issues going to pending merits issues.  Plaintiffs' first motion for leave is **DENIED.**

Plaintiffs' second motion seeks leave to file what is portrayed as a "second" amended opposition.  The procedural background is relevant.  The Court previously determined that plaintiffs' *first* amended opposition was improper and issued an order striking the pleading. Notably, the Court issued that order at 9:39 a.m., after plaintiffs requested that the Court defer any ruling on the pending motion to strike until after they filed an *amended* response to their own opposition which they claimed they would file by 9:00 a.m.[1]  Plaintiffs then filed the referenced

---

[1] The amended opposition was not filed by 9:00 a.m. and the Court issued its order.  The motion was deemed submitted for immediate determination the day after the opposition was due.

"second amended opposition" which the parties stipulated to strike.  Now, plaintiff seeks leave to file a third amended opposition on the heels of Netflix's deadline to file its reply papers.  The Court construes this as an improper request for reconsideration of its previous order striking the amendment.  *See* Civ. L.R. 7-9(a)-(d).  Permitting the second amended opposition on the day Netflix's reply is due would prejudice Netflix.  Therefore, plaintiffs' motion to file an amended opposition is **DENIED**.  Supplemental briefing may be requested as needed.

This Order terminates Docket Number 62 and 64.

**IT IS SO ORDERED.**

Dated: December 20, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

Plaintiffs' email request that the Court defer a judgment was not supported by rule and was an improper tactic as addressed in the miscellaneous order.  Federal courts have demanding case loads and this Court nevertheless deferred a judgment in light of plaintiffs' improper request.  Plaintiffs failed to timely act as represented and this Court acted upon the ripe motion.