Gregory Keenan (*pro hac vice* pending)
DIGITAL JUSTICE FOUNDATION
81 Stewart Street
Floral Park, New York 11001
(516) 633-2633
Gregory@DigitalJusticeFoundation.org

Andrew Grimm (*pro hac vice* pending)
DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive
Omaha, Nebraska 68154
(531) 210-2381
Andrew@DigitalJusticeFoundation.org

*Attorneys for Plaintiffs*[1]

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| THE ESTATE OF ISABELLA "BELLA" HERNDON, JOHN HERNDON, J.H., *a minor*, T.H., *a minor*, <br><br>*on behalf of themselves and others similarly situated*, <br><br>　　　　　　　　*Plaintiffs*, <br><br>　　v. <br><br>NETFLIX INC., <br>　　　　　　　　*Defendant*. | Case No. 4:21-cv-6561-YGR <br><br>**Plaintiffs' Statement in Response to Court Order Granting Anti-SLAPP Motion to Strike and Rule 12(b)(6) Motion to Dismiss and Requesting Plaintiffs' Statement [Dkt. 74]** <br><br>**Judge:** Hon. Yvonne Gonzalez Rogers |

---

[1] Additional counsel are listed on the following page.

Ryan Hamilton (SBN 291349)
HAMILTON LAW LLC
5125 South Durango, Suite C
Las Vegas, Nevada 89113
(702) 818-1818
Ryan@HamLegal.com

Rory Stevens (SBN 338941)
LAW OFFICE OF RORY L. STEVENS
4303 Southwest Cambridge Street
Seattle, Washington 98136
(206) 850-4444
RoryLawStevensEsq@Gmail.com

Megan Verrips (*pro hac vice* pending)
INFORMATION DIGNITY ALLIANCE
P.O. Box 8684
101 Southwest Madison Street
Portland, Oregon 97207
(925) 330-0359
Megan@InformationDignityAlliance.org

James D. Banker (SBN 317242)
DIGITAL JUSTICE FOUNDATION
210 Flamingo Road, #424
Las Vegas, Nevada 89169
(714) 722-5658
JimBanker@Gmail.com

*Attorneys for Plaintiffs*

**STATEMENT**

In this case, Defendant Netflix, Inc. ("Netflix") filed a combined anti-SLAPP motion to strike and Rule 12(b)(6) motion to dismiss. Dkt. 28. The Court held oral argument on Netflix's motions via Zoom. Dkt. 73. Thereafter, the Court granted both motions in a written order ("Order"). Dkt. 74.

In the Order, the Court directed Plaintiffs to submit a statement regarding "whether they can amend their complaint in order to avoid the deficiencies identified in this Order." Dkt. 74 at 5. This submission hereby constitutes Plaintiffs' Statement in response to the Order's directions to advise the Court of Plaintiffs' views on amendment.

Upon review of the Order, Plaintiffs submit that two of the Court's holdings—its holding on wrongful-death standing, Dkt. 74 at 3-4, and on survivor-claim statute of limitations, Dkt. 74 at 4—render amendment futile unless an appellate court reverses either of those holdings or vacates them for lack of jurisdiction.

Thus, Plaintiffs submit that amendment would be futile *at this time*. If, however, Plaintiffs obtain any of the following appellate relief, Plaintiffs hereby register their intention to amend and hereby expressly preserve any right to seek amendment:

(1) If Plaintiffs obtain a vacatur of the Court's holding that it had jurisdiction over this case at the time of removal or at any time, see Dkt. 45 (order denying Plaintiffs' motion to remand), Plaintiffs intend to amend their complaint upon remand to state court and hereby register and preserve their intention to do so.

(2) If Plaintiffs obtain a reversal of the Court's holding that John Herndon's / the Estate's survivor claims are time-barred, Dkt. 74 at 4 (bullet point starting "*Second*"), Plaintiffs intend to amend their complaint upon that reversal. Plaintiffs hereby register and preserve their intention to do so.

(3) If Plaintiffs obtain a reversal of the Court's holding that Bella's surviving minor siblings, J.H. and T.H., do not have standing to assert wrongful-death claims, Dkt. 74 at 3 (bullet point starting "*First*"), Plaintiffs intend to amend their complaint upon that reversal. Plaintiffs hereby register and preserve their intention to do so.

In the event of any of those three occurrences (or any combination of them), Plaintiffs intend to amend. Plaintiffs hereby reserve decision on the scope of such amendment, *i.e.*, reserve what changes the amendment (or request for amendment) would introduce. They could possibly, without limitation, introduce additional factual allegations, factual clarifications, additional parties, additional claims, additional remedies, *etc.* Plaintiffs reserve such decisions for a future time if an appellate court grants any of the relief described above.

Beyond the Court's holdings on wrongful-death standing, Dkt. 74 at 3-4, and on survivor-claim statute of limitations, Dkt. 74 at 4, Plaintiffs believe that there is a fair prospect that amendment could affect the Court's decisions to grant Netflix's motions—and the scope of those decisions. Stated differently, but-for the Court's holdings on wrongful-death standing and survivor-claim statute of limitations, Dkt. 74 at 3-4, Plaintiffs would take the Court up on its offer to permit amendment, Dkt. 74 at 5-6.

For example, the Court held that anti-SLAPP step one is met for both claims and that the threshold exceptions do not apply. Dkt. 74 at 2-3, 2 n.2, 3 n.3, 3 n.4. Plaintiffs believe that there is a fair prospect that amendment could affect the Court's holding on those issues. The Court also decided issues on the state-law claims regarding products liability, Dkt. 74 at 4, 4 n.5, and Netflix's duties, Dkt. 74 at 4-5, 5 n.7. Again, Plaintiffs believe that there is a fair prospect that amendment could affect the Court's holding on those issues.

Finally, the Court did not need to decide the pleading of causation because it held that there was no duty or products liability here. See Dkt. 74 at 4-5, 4 n.5, 5 n.7; see also Dkt. 28 at 30-31 (Netflix's causation argument), Dkt. 53 (Plaintiffs' causation response). Likewise, the Court exercised Constitutional avoidance, avoiding First Amendment issues. Dkt. 74 at 5 (bullet point starting "Finally" and invoking "doctrine of constitutional avoidance"). There was no need for the Court to decide First Amendment issues at this time. See id. Thus, on these issues too, it is possible that amendment could affect the disposition of the motion and, accordingly, Plaintiffs reserve the right to amend or seek amendment, either before a court renders decision on these undecided issues or after a court decides them. There is a fair prospect that amendment could affect decision on these undecided issues.

1    Thus, on the issues other than wrongful-death standing and survivor limitations periods, Plaintiffs believe there is a fair prospect that amendment would affect the disposition of this case and the Court's holdings in the Order.

Pragmatic and prudential considerations militate against amendment at this time. The Court's procedural rulings were dispositive of the Court's treatment of Plaintiffs' claims here. While amendment could permit Plaintiffs to plead additional facts, clarify certain aspects of the claims, or add additional legal claims, Plaintiffs do not wish to burden this Court, opposing party and counsel, or Plaintiffs' dedicated team of resource-limited, nonprofit counsel with amendment at this time, given both the Court's dispositive resolution of the claims on procedural issues and given Plaintiffs' challenges to this Court's jurisdiction.

Rather it is more pragmatic, prudential, and parsimonious to proceed with appellate review of Plaintiff's jurisdictional challenges and of the Court's procedural rulings barring Plaintiffs' claims. Accordingly, Plaintiffs respectfully request that the Court acknowledge that Plaintiffs have registered and preserved their intention to amend should either (1) the procedural bases of the dismissal be reversed, or (2) the jurisdiction of this Court be reversed, vacating the Court's substantive rulings.

Amendment could then be appropriately made (or sought) at that time. Such an approach seems like the most pragmatic and efficient way to proceed with this matter, so as to avoid any unnecessary burden on judicial resources and any unnecessary litigation costs.

Finally, nothing in this Statement should be construed as a waiver or forfeiture of any right to appeal any and all issues. Plaintiffs hereby reserve all rights.

* * * * *

Plaintiffs hereby submit that amendment would be futile *at this time*. Accordingly, this Court should acknowledge Plaintiffs' intention to amend if they obtain any of the relief described above and enter judgment based on the Order.

DATED: January 19, 2022 Respectfully submitted,

*/s/ Rory Stevens*
Rory Stevens (SBN 338941)
LAW OFFICE OF RORY L. STEVENS
4303 Southwest Cambridge Street
Seattle, Washington 98136
(206) 850-4444
RoryLawStevensEsq@Gmail.com

Gregory Keenan (*pro hac vice* pending)
DIGITAL JUSTICE FOUNDATION
81 Stewart Street
Floral Park, New York 11001
(516) 633-2633
Gregory@DigitalJusticeFoundation.org

Andrew Grimm (*pro hac vice* pending)
DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive
Omaha, Nebraska 68154
(531) 210-2381
Andrew@DigitalJusticeFoundation.org

James Banker (SBN 317242)
DIGITAL JUSTICE FOUNDATION
210 Flamingo Road, #42
Las Vegas, Nevada 89169
(714) 722-5658
JimBanker@Gmail.com

Megan Verrips (*pro hac vice* pending)
INFORMATION DIGNITY ALLIANCE
P.O. Box 8684
101 Southwest Madison Street
Portland, Oregon 97207
(925) 330-0359
Megan@InformationDignityAlliance.org

Ryan Hamilton (SBN 291349)
HAMILTON LAW LLC
5125 South Durango, Suite C
Las Vegas, Nevada 89113
(702) 818-1818
Ryan@HamLegal.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing *STATEMENT* on:

>Ms. Blanca F. Young
>MUNGER, TOLLES & OLSON LLP
>560 Mission Street,
>Twenty Seventh Floor
>San Francisco, California 94105
>(415) 512-4000
>(415) 512-4077 (fax)
>blanca.young@mto.com
>
>Ms. Jennifer L. Bryant
>Ms. Cory M. Batza
>MUNGER, TOLLES & OLSON LLP
>350 South Grand Avenue
>Fiftieth Floor
>Los Angeles, California 90071
>(213) 683-9100
>(213) 687-3702 (fax)
>jennifer.bryant@mto.com
>cory.batza@mto.com

*Attorneys for Defendant Netflix, Inc.*

via **electronic filing** in CM/ECF.

Dated: January 19, 2022                    */s/ Rory Stevens*
                                            Rory Stevens