**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THE ESTATE OF ISABELLA "BELLA" HERNDON; et al.,

Plaintiffs-Appellants,

v.

NETFLIX, INC.,

Defendant-Appellee.

No.    22-15260

D.C. No. 4:21-cv-06561-YGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted February 15, 2024
San Francisco, California

Before:  MILLER, BADE, and VANDYKE, Circuit Judges.

Plaintiffs-Appellants (Plaintiffs) appeal from the district court's order

granting Defendant-Appellee Netflix, Inc.'s motion to dismiss the First Amended

Complaint (FAC) and granting Netflix's motion to strike under California's anti-

SLAPP statute.  In March 2017, Netflix released the show *13 Reasons Why*, which

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

portrayed the suicide of the main character.  After watching the show in April 2017, minor Isabella Herndon (Bella) committed suicide.

Four years after her death, Bella's father, John Herndon, and brothers, J.H. and T.H., sued Netflix in a putative class action.  In the FAC, John Herndon, as the successor in interest to Bella, brought a survival action against Netflix for (1) strict liability based on its failure to warn about the show's alleged risks to mental health and (2) negligence.  J.H. and T.H. brought a claim against Netflix for wrongful death.  The district court dismissed these claims with prejudice under Federal Rule of Civil Procedure 12(b)(6).  The district court also struck the FAC under California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16(b).

We review de novo the district court's order granting the motion to dismiss and granting the motion to strike under California's anti-SLAPP statute.  *Holt v. County of Orange*, 91 F.4th 1013, 1017 (9th Cir. 2024); *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The district court did not err by dismissing John Herndon's survival claims as time-barred.  California Code of Civil Procedure section 366.1 provides that a survival action may be commenced before the expiration of the later of two terms: (a) "[s]ix months after the person's death" or (b) "[t]he limitations period that would have been applicable if the person had not died."  Cal. Code Civ. Proc.

2

§ 366.1.  Plaintiffs contend that, had Bella not died, the limitations period for her claims would not have begun until her eighteenth birthday, pursuant to the minor tolling provision in California Code of Civil Procedure section 352.  *Id.* § 352(a).

In answering questions of statutory interpretation, California courts first consider the ordinary meaning of the language in question, the text of related provisions, and the overall statutory structure, and, if the language is unambiguous after considering these sources, need not look further.  *See Larkin v. Workers' Comp. Appeals Bd.*, 358 P.3d 552, 555 (Cal. 2015).  Plaintiffs' argument fails because the ordinary meaning of the phrase "limitations period" is distinct from the ordinary meaning of the phrase "tolling period."  "Limitations period" ordinarily means the statutorily-defined time limit for bringing a claim based on the nature of the claim and the date of accrual.  *See Norgart v. Upjohn Co.*, 981 P.2d 79, 92 (Cal. 1999) ("Under the statute of limitations, a plaintiff must bring a cause of action for wrongful death within one year of accrual . . . . The limitations period is thus defined by the Legislature."); *see also Limitation*, Black's Law Dictionary (11th ed. 2019).  In contrast, a "tolling statute" suspends or interrupts the limitations period in various situations.  *Mitchell v. State Dep't of Pub. Health*, 205 Cal. Rptr. 3d 261, 269 (Ct. App. 2016) ("The term 'tolled' in the context of the statute of limitations is commonly understood to mean 'suspended' or 'stopped.'"); *see also Tolling Statute*, Black's Law Dictionary (11th ed. 2019).  Moreover,

3

interpreting the phrase "limitations period" as being distinct from a "tolling period" is consistent with the overall statutory scheme, which places the sections providing for limitations periods in a separate chapter from the sections providing for tolling periods. *Compare* Cal. Code Civ. Proc. Part 2, Title 2, Ch. 3 § 335 (listing the "periods of limitation," which are the "periods prescribed for the commencement of actions"), *with* Cal. Code Civ. Proc. Part 2, Title 2, Ch. 4 (separately listing tolling statutes). Furthermore, California courts have explained that "minority does not toll a limitations period or excuse noncompliance unless a statute specifically says so." *Blankenship v. Allstate Ins. Co.*, 111 Cal. Rptr. 3d 528, 535 (Ct. App. 2010).

We therefore predict that the California Supreme Court would interpret the phrase "limitations period" to mean the statutorily-defined time limit for bringing a claim based on the nature of the claim and the date of accrual, without inclusion of a tolling period. *See Larkin*, 358 P.3d at 555. And because actions for the death of an individual caused by a wrongful act or neglect of another must be brought "[w]ithin two years," *Shalabi v. City of Fontana*, 489 P.3d 714, 717 (Cal. 2021), John Herndon's claims, which were brought over four years after Bella died, were appropriately dismissed as time-barred.

2. The district court also did not err by dismissing the claims brought by Bella's siblings for lack of standing under the wrongful death statute. When a

decedent has no spouse, domestic partner, issue, or grandchild, only immediate successors under California's probate code may bring a wrongful death action. *See Scott v. Thompson*, 109 Cal. Rptr. 3d 846, 848–49 (Ct. App. 2010). Under California's probate code, the immediate successor if a decedent lacks a spouse, domestic partner, or issue, is "the decedent's parent or parents equally," if alive, not the decedent's siblings. *Id.* (quoting Cal. Prob. Code § 6402). Therefore, because Bella's father is still alive, the district court correctly held that J.H. and T.H. lacked standing to bring a wrongful death action.

3.    Netflix has not sought, and agrees it will not seek, attorney's fees against Plaintiffs if we affirm the district court's order dismissing Plaintiffs' claims. Plaintiffs concede that if we affirm the district court on statute of limitations and standing grounds, Netflix's agreement not to seek attorney's fees moots their argument that the district court erred in its application of the anti-SLAPP statute. Given this concession, and the overlap between the standards governing the Rule 12(b)(6) motion and the anti-SLAPP motion, we do not separately address the district court's motion to strike. *See Planned Parenthood Fed'n of Am., Inc v. Ctr. for Med. Progress*, 890 F.3d 828, 833–35 (9th Cir. 2018).

4.    Plaintiffs requested leave to amend if we reverse on either the statute of limitations issue or the wrongful death standing issue. Because we affirm on both procedural issues, any amendment would be futile. *See Newland v. Dalton*,

5

81 F.3d 904, 907 (9th Cir. 1996) (courts "need not accommodate futile amendments").

**AFFIRMED.**