BLANCA F. YOUNG (State Bar No. 217533)
blanca.young@mto.com
MUNGER, TOLLES & OLSON LLPs
560 Mission Street, Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

JENNIFER L. BRYANT (State Bar No. 293371)
jennifer.bryant@mto.com
CORY M. BATZA (State Bar No. 318612)
cory.batza@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702

Attorneys for NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| THE ESTATE OF B.H., JOHN HERNDON, J.H., a minor, T.H., a minor, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NETFLIX, INC.,<br><br>Defendant. | Case No. 4:21-cv-06561-YGR<br><br>**DEFENDANT'S OBJECTION UNDER LOCAL RULE 54-2 TO PLAINTIFFS' BILL OF COSTS**<br><br><br>Judge: Yvonne Gonzalez Rogers<br>Ctrm: 1 |

# ARGUMENT

Plaintiffs have filed a bill of costs (ECF No. 96) asking this Court to tax appellate costs against Defendant Netflix, Inc. ("Netflix") pursuant to Federal Rule of Appellate Procedure 39(e). As this Court has already noted in a statement of deficiency, *see* ECF No. 98, the bill of costs does not comply with various requirements, including the requirement in Local Rule 54-1 that a costs request be "supported by an affidavit, pursuant to 28 U.S.C. § 1924, that the costs are correctly stated, were necessarily incurred, and are allowable by law"—and the bill of costs should be denied on that basis alone. But to the extent that this Court were nevertheless to address the substance of the bill of costs, the Court should deny plaintiffs' requested costs in their entirety.

Under Rule 39(e), certain "costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule." Fed. R. App. P. 39(e). But plaintiffs are not "entitled" to any appellate costs under Rule 39, *id.*, which means that those costs cannot be taxed in this Court. Plaintiffs—who were appellants in the Ninth Circuit—did not succeed in having this Court's judgment reversed. *See* Fed. R. App. P. 39(a)(3). And even assuming that the ultimate result on appeal, which was a remand to this Court to consider an intervening decision of the Supreme Court, *see* Ninth Cir. ECF No. 144 (Case No. 22-15260), could be thought to make this case one in which this Court's judgment was "modified[] or vacated," in such a case costs are taxed "only" as the court of appeals "orders." Fed. R. App. P. 39(a)(4); *see City of San Antonio v. Hotels.com*, 593 U.S. 330, 336 (2021) (reference to "the court" in Rule 39(a)(4) "means the court of appeals"). Here, the Ninth Circuit has not taxed *any* costs on appeal in favor of plaintiffs. In the absence of a Ninth Circuit order deeming plaintiffs entitled to appellate costs, this Court is simply not empowered to tax any appellate costs itself under Rule 39(e). *See id.* at 338 (explaining that "Rule 39 gives discretion over the allocation of appellate costs to the courts of appeals" and "district courts cannot exercise a second layer of discretion").

Plaintiffs have recently asked the Ninth Circuit to deem plaintiffs entitled to appellate costs, and Netflix has opposed. But this Court cannot tax costs under Rule 39(e) based on a mere *assumption* that the Ninth Circuit will rule in plaintiffs' favor in that regard. *See id.* And, in any event, it is clear that the Ninth Circuit will not tax any such costs, even if it were to have discretion

to do so under Rule 39.  Such an exercise of discretion would be unwarranted given that the ultimate result in this case may well be exactly the one at which this Court arrived before the subsequent Supreme Court decision—i.e., one in which Netflix is the prevailing party in every respect.  Moreover, plaintiffs unsuccessfully fought in the Ninth Circuit Netflix's request that this Court be allowed to decide for itself whether the Supreme Court decision has any effect on the outcome here, *see* ECF No. 142—so the Ninth Circuit's remand to this Court for it to make exactly that decision represents a loss for plaintiffs in the court of appeals, not a victory.

Plaintiffs' argument that they are entitled to costs rests on a misreading of Rule 39(a)(4), which provides that under certain circumstances a party is entitled to appellate costs "as the court orders," and the Supreme Court's decision in *City of San Antonio*.  Plaintiffs claim that because the Supreme Court ordered costs to be taxed under its own separate Supreme Court rule, *see* S. Ct. R. 43, there is a "court" order triggering Rule 39(a)(4) and this Court must order costs to be taxed as well.  But *City of Antonio* says in no uncertain terms that the term "court" in Rule 39(a)(4) "means the court of appeals," 593 U.S. at 336, and that authoritative reading of the rule renders the Supreme Court's costs order entirely irrelevant.  Rule 39 simply has nothing to say about the relationship between a costs decision by the Supreme Court under its own separate rules and a decision by this Court under Rule 39 as to costs incurred in connection with proceedings in the court of appeals.

What *City of San Antonio* does hold is that when a district court is asked to task costs relating to an appeal in the court of appeals, "Rule 39 does not permit a district court to alter a court of appeals' allocation of the costs listed in subdivision (e) of that Rule."  *Id.* at 336; *see id.* at 338, 340 (explaining that "Rule 39 gives discretion over the allocation of appellate costs to the courts of appeals" and that "district courts" do not "have the discretion to alter the allocation of appellate costs").  That holding dooms plaintiffs' bill of costs in this Court:  the Ninth Circuit has allocated plaintiffs zero appellate costs.

Pursuant to Local Rule 54-2, Netflix has made a good faith effort to arrange a conference with plaintiffs to meet and confer on this matter, despite the fact that Netflix seeks to have plaintiffs' bill of costs rejected in its entirety rather than simply questioning particular items of

costs.  *See* Local Rule 54-2.

### CONCLUSION

Netflix respectfully requests that the Court deny plaintiffs' bill of costs in full.

DATED:  June 10, 2025                           MUNGER, TOLLES & OLSON LLP


By:  _____*/s/ Blanca F. Young*_____
                  BLANCA F. YOUNG
Attorneys for NETFLIX, INC.


### CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing via electronic filing in CM/ECF.

DATED: June 10, 2025                           */s/ Blanca F. Young*
                                              Blanca F. Young

DEFENDANT'S OBJECTION TO PLAINTIFFS' BILL OF COSTS