Ryan Hamilton (SBN 291349)
HAMILTON LAW LLC
5125 South Durango, Suite C
Las Vegas, Nevada 89113
(702) 818-1818
Ryan@HamLegal.com

James Banker (SBN 317242)
DIGITAL JUSTICE FOUNDATION
210 Flamingo Road, #424
Las Vegas, Nevada 89169
(714) 722-5658
JimBanker@Gmail.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| THE ESTATE OF ISABELLA "BELLA" HERNDON, JOHN HERNDON, J.H., *a minor*, T.H., *a minor*, <br><br> *on behalf of themselves and others similarly situated,* <br><br>                *Plaintiffs,* <br><br>      v. <br><br> NETFLIX INC., <br>           *Defendant.* | Case No. 4:21-cv-6561-YGR <br><br> **Plaintiffs' Principal Supplemental Briefing on *Royal Canin*** <br><br> **Hearing Date:** September 23, 2025 <br> **Hearing Time:** 2:00 p.m. <br> **Courtroom:** 1 <br> **Judge:** Hon. Yvonne Gonzalez Rogers <br><br> **[ORAL ARGUMENT REQUESTED]** |

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................................... 3

ISSUES TO BE DECIDED ....................................................................................................... 4

INTRODUCTION ..................................................................................................................... 5

PROCEDURAL BACKGROUND ............................................................................................. 7

ARGUMENT ............................................................................................................................ 10

    I.   THE SUPREME COURT'S *ROYAL CANIN* DECISION ................................................. 10

        A.   *Royal Canin*'s background................................................................................ 10

        B.   *Royal Canin*'s first principle ........................................................................... 13

        C.   *Royal Canin*'s second principle ...................................................................... 15

    II.   THE AUTHORITIES CITING TO *ROYAL CANIN* ...................................................... 16

        A.   Citing Cases ..................................................................................................... 17

        B.   Secondary materials ........................................................................................ 18

    III.   THE NINTH CIRCUIT'S DECISION IN *BROADWAY GRILL* ...................................... 19

    IV.  *ROYAL CANIN*'S IMPLICATIONS HERE ................................................................ 23

CONCLUSION ......................................................................................................................... 26

CERTIFICATE OF SERVICE .................................................................................................. 26

# TABLE OF AUTHORITIES[1]

## <u>Cases</u>

<u>McInnis v. Surestaff, LLC,</u>
  2021 U.S. Dist. LEXIS 167761
  (N.D. Ill. Sept. 3, 2021)...........................................................................................................24

<u>Royal Canin U.S.A</u> .......................................................................................................................5

<u>Royal Canin U.S.A., Inc. v. Wullschleger</u>, 604 U.S. 22 (2025) .........................................................4

---

[1] Herein, emphasis is added unless otherwise indicated. Internal brackets, quotation marks, and citations are frequently removed for ease of reading. Citations to the docket entries of this Honorable Court of the Ninth Circuit are to the CM/ECF docket-stamp pagination. Citations to the Supreme Court docket use the internal pagination of the document since there is no stamping process.

Plaintiffs' Principal *Royal Canin* Brief in No. 4:21-cv-6561-YGR

## ISSUES TO BE DECIDED

**ISSUE**: Whether, under the principles stated in <u>Royal Canin U.S.A., Inc. v. Wullschleger</u>, 604 U.S. 22 (2025), the correct complaint to consider for purposes of determining jurisdiction is the original complaint (now a nullity) or the amended complaint (now operative).

**ANSWER**:  The correct complaint to consider is the amended complaint.  Under <u>Royal Canin</u>, the superseded complaint no longer has any function in the case.  All issues must be determined by reference to the operative amended complaint – no matter whether the civil action is filed originally in federal court or, alternatively, removed from state court to federal court.

**INTRODUCTION**

The very first issue decided in this case was the threshold question of which complaint to use in order to then determine this Honorable Court's federal subject-matter jurisdiction – *i.e.*, the *which-complaint question*.

The U.S. Supreme Court's unanimous decision in <u>Royal Canin U.S.A., Inc. v. Wullschleger</u>, 604 U.S. 22 (2025), gives us a clear answer: the complaint to consider for purposes of determining subject-matter jurisdiction is the operative complaint in the case, *even if* that complaint came about via post-removal amendment. Previously, the Ninth Circuit had come out the other way, thinking the correct complaint to consider when a case was removed was almost always the complaint at the time of removal – *i.e.*, the original complaint here. See <u>Broadway Grill, Inc. v. Visa Inc.</u>, 856 F.3d 1274 (9th Cir. 2017).

Yet, following <u>Royal Canin</u>'s "jurisdictional primer," there is simply no longer any room for serious debate regarding the which-complaint question: "**When a plaintiff amends her complaint following her suit's removal, a federal court's _jurisdiction depends on what the new complaint says_.**" 604 U.S. at 30. Here, Plaintiffs amended their complaint following their suit's removal. Dkt.22. Thus, this Honorable Court's subject-matter jurisdiction "depends on what the **new complaint says**."

\*\*\*\*\*

<u>Royal Canin</u> decisively answers the which-complaint question by explaining the effect of amendment upon an original complaint: "**If a plaintiff amends her complaint, the new pleading 'supersedes' the old one:  The 'original pleading no longer performs _any_ function in the case.**'" 604 U.S. at 35.

This effect of amendment is true for *jurisdictional* purposes.

As such, it is entirely permissible for a plaintiff to "destroy jurisdiction" by amendment. <u>Id.</u> ("**_The amended complaint_** becomes the operative one; and in taking the place of what has come before, it **_can either create or destroy jurisdiction_**."); <u>id.</u> at 35-36 ("The reconfiguration accomplished by **_an amendment may bring the suit_** either newly within or newly **_outside a federal court's jurisdiction_**.").

This effect of amendment holds true in "*diversity*" cases.

A plaintiff can amend to "*destroy diversity*[.]"  Royal Canin, 604 U.S. at 37 ("***She may***, for example, […] add one [defendant] from her own State and thereby ***destroy diversity of citizenship***."); id. ("And so too, **an amendment can either destroy or create jurisdiction in an original *diversity* case**.").

This effect of amendment holds true in "*removed*" cases.

So, "*in removed cases too*," an amendment that "destroys diversity jurisdiction" is allowed – even if amendment occurs "*after removal*[.]"  Royal Canin, 604 U.S. at 38 ("***after* removal**"); id. ("And, second, ***in removed cases too*, amending a complaint to join a non-diverse party destroys diversity jurisdiction**.").[2]

*****

Here, this Honorable Court had determined jurisdiction via carefully considering only the *original* complaint.  Dkt.45.  Yet, per Royal Canin, the original complaint "*no longer performs any function in the case*."  604 U.S. at 35.  Rather, the *amended* complaint is the complaint to consider.  And, because the amended complaint wasn't considered, all removal issues should be considered anew.  In turn, meaningful jurisdictional consequences flow from considering the amended complaint because, *inter alia*, the amended complaint further undermines Defendant's assertions of facial minimal diversity and makes clear why jurisdictional discovery is appropriate.  See Section Argument V, *infra*.

Ultimately, Royal Canin decisively answers the which-complaint question.  The *amended* complaint – *not* the original – is the complaint to consider.  That's true, even in a *diversity* case and even in a *removal* case, because "**federal jurisdiction—or its absence—follows from *the amended complaint***."  604 U.S. at 38.

---

[2] Thus, there's a "uniformity of that principle, ***as between original and removed cases***" on the effect of amendment, *i.e.*, that an amended complaint renders the earlier complaint a nullity.  Royal Canin, 604 U.S. at 38 ("The ***uniformity of that principle, as between original and removed cases***, is not surprising.  The appropriateness of federal jurisdiction—or the lack thereof—does not depend on whether the plaintiff first filed suit in federal or state court.").

As such, "**in a *removed* no less than in an original case**, the rule that jurisdiction follows the operative pleading serves a critical function."  Id. at 39; id. at 38 ("So if such a joinder occurs ***after removal***, the federal court must remand the case to the state court it began in.").

6

**PROCEDURAL BACKGROUND**

Plaintiffs originally filed this action in state court. Dkt.3-1 at 2. Defendant removed. Dkt.3. Plaintiffs then filed a first-amended complaint, Dkt.22, which, among other things, clarified the scope of Plaintiffs' class-action allegations, e.g., Dkt.22 at 21¶¶76-77. Accordingly, when the Parties later disputed federal subject-matter jurisdiction, e.g., Dkt.26 (remand mot.), Dkt.29 (opp.), the amendment of the complaint presented a threshold question regarding which complaint should be considered to determine jurisdiction: either **(A)** the originally-filed complaint (in effect at the time of removal) or **(B)** the first-amended complaint (which had superseded the original complaint upon filing).

As a threshold issue, the which-complaint question had to be resolved first. Dkt.45 at 3 (order) ("Before the Court can begin a jurisdictional analysis, it must determine which complaint is operative for removal purposes."). In its order, this Honorable Court identified Broadway Grill, Inc. v. Visa Inc., 856 F.3d 1274, 1277 (9th Cir. 2017), as the key Ninth Circuit authority. Dkt.45 at 3. Under the rule in Broadway Grill, jurisdiction was to be "ascertained on the basis of the pleadings ***at the time of removal***." Dkt.45 at 3 (quoting 856 F.3 at 1277). In other words, Broadway Grill directed this Honorable Court to look at the *original* complaint – not the *amended* complaint – to determine jurisdiction.

Thus, this Honorable Court's order thereafter considered *only* the original complaint – *not* the amended complaint – to so determine jurisdiction. Dkt.45 at 5 ("Accordingly, the Court considers the original Complaint as filed in the state court as the operative complaint for removal."); see also Dkt.45 at 5-12.

Later, this Honorable Court granted Defendant's motion to dismiss. Dkt.74. The Court offered Plaintiffs an opportunity to amend. Dkt.74 at 5-6. Plaintiffs elected to reserve amendment until after appeal should the judgment be vacated. Dkt.75 at 3-4. So, judgement was entered. Dkt.76 (entering judgment but noting that Plaintiffs had "reserve[d] the possibility of amendment after exhausting their appeal").

Plaintiffs appealed. Dkt.80 at 3. And, in an unpublished opinion that did not consider this Court's jurisdiction, the Ninth Circuit affirmed. Dkt.87.

Under Broadway Grill, this Honorable Court and, impliedly, the Ninth Circuit had answered the which-complaint question in favor of the *original* complaint – declining to consider the *amended* complaint.

*****

Plaintiffs thereafter petitioned the U.S. Supreme Court for a writ of certiorari.  Dkt.89; see No. 24-434 (U.S.).

In their cert petition, Plaintiffs noted that the "lower courts refused to consider the amended complaint for jurisdictional purposes" under Ninth Circuit authority.    Cert.Pet.49.   Yet, Plaintiffs noted that a then-pending Supreme Court merits case, Royal Canin U.S.A. v. Wullschleger, No. 23-677, would address the which-complaint issue.  Cert.Pet.49.  And, in turn, if the Supreme Court affirmed in Royal Canin, it would mean that considering the original complaint, not the amended, complaint, "would be error such that th[e Supreme] Court should grant, vacate, and remand[.]" Cert.Pet.49.

In Royal Canin, the U.S. Supreme Court unanimously affirmed.  Royal Canin, 604 U.S. at 30 (2025) ("[W]e now ***affirm*** the decision below[.]"); Id. at 44 ("We accordingly ***affirm*** the judgment of the Court of Appeals for the Eighth Circuit.").   Royal Canin made clear that amendment has jurisdictional significance, even in in the removal context: "**When a plaintiff amends her complaint following her suit's removal, a federal court's *jurisdiction depends on what the new complaint says*.**" Id. at 30.

Accordingly, the Supreme Court did just as Plaintiffs had requested – *i.e.*, it summarily vacated by granting Plaintiffs' cert petition; vacating the judgments below; and remanding for further consideration in light of Royal Canin.  Estate of Herndon v. Netflix, Inc., 145 S. Ct. 1165 (2025) ("On petition for writ of certiorari to the United States Court of Appeals for the Ninth Circuit.  Petition for writ of certiorari granted.  Judgment vacated, and case remanded to the United States Court of Appeals for the Ninth Circuit for further consideration in light of Royal Canin U.S.A., Inc. v. Wullschleger, 604 U. S. 22, 220 L. Ed. 2d 289 (2025)."); Dkt.90 (similar); 9th.Cir.Dkt.125 (same as Dkt.90 but on 9th Cir. Docket).

The Supreme Court's order issued on February 24, 2025.  Dkt.90.

The Supreme Court's order noted that the mandate returning the case from the Supreme Court to the Court of Appeals wouldn't issue "for at least thirty-two days" – *i.e.*, at least until March 28, 2025. Id.

On March 4, 2025, however, before the Supreme Court mandate issued, the Ninth Circuit issued an order. Dkt.91. That order understood that <u>Royal Canin</u> had plainly answered the which-complaint question in favor of the "amended complaint":

> Because the district court evaluated subject matter jurisdiction in light of Plaintiffs-Appellants' initial complaint, and <u>*not*</u> their first amended complaint, <u>*we remand to the district court to consider in the first instance whether Plaintiffs Appellants' first amended complaint*</u> confers subject matter jurisdiction under the Class Action Fairness Act. **REMANDED**.

Dkt.91 at 1-2 (decretal bolding in original; other emphasis added). The Ninth Circuit's first look understood the import of <u>Royal Canin</u> here: the further consideration required considering Plaintiffs' "<u>***amended complaint***</u>."

Yet, because the Ninth Circuit had prematurely issued its order prior to the Supreme Court's mandate, the Ninth Circuit withdrew this order. Dkt.92 (stating that the March 4, 2025, Ninth Circuit order was "vacated because it was erroneously issued before the issuance of the Supreme Court's mandate").

Then, on March 28, 2025, the Supreme Court issued its mandate, returning the case to the Ninth Circuit. Dkt.93. Late, on May 13, 2025, the Ninth Circuit issued a second remand order. Dkt.94. In that order, the Ninth Circuit granted Defendant's alternative relief of remand to this Honorable Court for consideration in the first instance of the effect of <u>Royal Canin</u> as to the which-complaint question, noting that the Ninth Circuit is a "court of review, not of first view." Dkt.94 at 2. That order "express[ed] no view" on the effect of <u>Royal Canin</u>. Dkt.94 at 2. Specifically, the May 13 order did <u>*not*</u> disavow the correctness of the March 4 order's reading of <u>Royal Canin</u> that <u>Royal</u> Canin requires consideration of the <u>*amended*</u> complaint – a view that remains strongly persuasive authority. Dkt.94.

The Ninth Circuit issued its mandate, Dkt.95, and this Honorable Court ordered supplemental briefing, Dkt.103.

**ARGUMENT**

## I. THE SUPREME COURT'S *ROYAL CANIN* DECISION

Both the Supreme Court, Dkt.90, and the Court of Appeals, Dkt.93, have remanded for consideration of Royal Canin U.S.A., Inc. v. Wullschleger, 604 U. S. 22 (2025), so a careful and detailed consideration of that litigation is warranted here, especially because of Royal Canin's complicated procedural history.

### A. *Royal Canin*'s background

Like this case, Royal Canin has a somewhat complicated procedural background and posture, but there is a key and fundamental difference: Royal Canin involved claims for which there was an assertion of *supplemental* jurisdiction. This case does *not*. And, knowing that key difference helps to facilitate the analysis here because one of Royal Canin's holdings is directly relevant while the other isn't at issue.

Royal Canin was originally filed in Missouri state court with *three claims*: **(1)** Missouri antitrust claims; **(2)** Missouri unjust-enrichment claims; and **(3)** Missouri consumer-protection claims, arising under the Missouri Merchandising Practices Act ("MMPA") where MMPA claims are roughly equivalent to California's Unfair Competition Law ("UCL") albeit with some key differences not relevant here. Wullschleger v. Royal Canin U.S.A., Inc., 953 F.3d 519, 520 (8th Cir. 2020) (outlining the claims).

Moreover, and as will become important given Defendant's arguments, Royal Canin *is* a CAFA case. Specifically, the removal there was predicated upon "the diversity provisions of the **Class Action Fairness Act of 2005**" as well as federal-question assertions. Id. at 521. On a CAFA-based interlocutory appeal predicated upon 28 U.S.C. § 1453(c)(1), the Parties disputed whether there was federal jurisdiction. Id.

On interlocutory appeal, the Eighth Circuit determined that there *was* original jurisdiction over claims **(1)-(2)** but *no* original jurisdiction over claim **(3)**. Compare id. at 521-522 (holding that claims (1)-(2) arose under federal Food Drug and Cosmetic Act ("FDCA") pursuant to the Grable / Gunn test due to extensive allegations of it and remedial relief based upon it) with id. at 521 (holding that

Merrel Dow foreclosed non-supplemental federal jurisdiction over claim (3)). Given federal jurisdiction, the Eighth Circuit remanded for consideration of the merits. Id. at 522.

At that point, claims (1)-(2) had *federal* jurisdiction and claim (3) could be litigated in federal court on the basis of *supplemental* jurisdiction, even though there was no original jurisdiction over it alone. See 28 U.S.C. § 1367(a).

On remand, the plaintiffs amended their post-CAFA-removal complaint. Wullschleger v. Royal Canin U.S.A., Inc., 75 F.4th 918, 921 (8th Cir. 2023) ("Wullschleger switched gears once she returned to the district court. She eliminated every reference to federal law in the complaint, cut the antitrust and unjust-enrichment claims, and narrowed her request for injunctive relief."). In other words, in the *post-removal amended complaint*, claims (1)-(2) were excised and claim (3) remained in the case. Id.[3] Then, the district court granted a motion to dismiss, which led to a second appeal. Id. The Eighth Circuit *sua sponte* ordered supplemental briefing on whether the district court had federal jurisdiction. Id.

The procedural posture posed two important jurisdictional questions, the first of which is centrally important here and the second of which is not implicated by the procedural posture of this case:

1. ***The Which-Complaint Question***: The Eighth Circuit first needed to answer *if* the post-removal amendment of the complaint changed which complaint should be considered to decide jurisdiction. Id. at 922 ("The manufacturers, for their part, would rather have us focus on the original complaint. In their view, amendments do not matter[…]").

2. ***The Supplemental-JDX Question***: *If* the Eighth Circuit determined that the amended complaint was to be examined for jurisdiction, then it also needed to determine whether the prior supplemental jurisdiction over claim (3) persisted even though amendment

---

[3] The plaintiffs also purported to add a Missouri civil-conspiracy "claim" in the amended complaint. Id. ("[S]he added a civil-conspiracy claim."). Yet, as the Eighth Circuit noted, this isn't really a separate claim under Missouri law so much as a theory of joint-and-several liability among the defendants. Id. at 922 (The "newly pleaded civil-conspiracy claim, which 'is not [even] a separate and distinct action' in Missouri. It is instead a theory for holding the manufacturers jointly and severally liable for their allegedly illegal conduct.").

eliminated the basis for original jurisdiction.  Id. at 924 ("The manufacturers hope to keep the case in federal court through supplemental jurisdiction.").

Importantly, the first question – i.e., the *which-complaint question* - is a *threshold* question to the second question regarding supplemental jurisdiction.  See id.  If the which-complaint question was answered in favor of the initial complaint (which had claims with federal jurisdiction), then there would be no basis to even bother with considering the second question on whether supplemental jurisdiction survived amendment.  The Eighth Circuit would simply have had no need, no basis, to answer the question of *supplemental jurisdiction* if the Royal Canin *initial complaint* – which *had* claims with original federal jurisdiction – was the correct complaint to examine in determining jurisdiction.  See id.

*As to the first which-complaint question*, the Eighth Circuit held that the *amended complaint*, not the initial complaint, was the complaint to use to determine federal jurisdiction.  Id. at 922 ("[A]n amended complaint supersedes an original complaint and renders the original complaint without legal effect.").  This is true in *removal* cases.  Id.  This had been true for "nearly 100 years[.]"  Id.  Amendments could destroy jurisdiction by taking out the allegations that had established jurisdiction in the first place.[4]

*As to the second supplemental-jurisdiction question*, the Eight Circuit held in a single pragraph that, without original federal jurisdiction, there was no supplemental jurisdiction, i.e., nothing to supplement.  Id. at 924 ("[T]he possibility of supplemental jurisdiction vanished right alongside the once-present federal questions[.]").

Royal Canin petitioned for cert. on *both* questions – both the *which-complaint* question and the *supplemental jurisdiction* question.  No. 23-677 Cert.Pet.i.  And, the U.S. Supreme Court granted the cert petition as to *both* the which-complaint / amendment question *and* the supplemental-jurisdiction question.  Royal Canin U.S.A., Inc. v. Wullschleger, 144 S. Ct. 1455 (2024) (cert. granted

---

[4] The Eighth Circuit drew a critical distinction which is overlooked between the *allegations* that establish what outside facts are *relevant* for jurisdiction (such allegations which *can* be changed by amendment) and the outside *facts* in the world (i.e., citizenship of parties at the time of filing) that *cannot be changed* and are fixed on the day of filing but whose relevance depends upon what the allegations say.  This is called the "time-of-filing rule" – and it means that amendment doesn't change the citizenship (or the date upon which it is determined) *but* it can change *who* counts as relevant for diversity purposes, i.e., *whose* citizenship to consider.  Id. at 922.  That's the effect of amendment here.

Plaintiffs' Principal *Royal Canin* Brief in No. 4:21-cv-6561-YGR

without limiting grant of certiorari to just one of the two questions presented, but rather granting as to both questions).

Thus, the Supreme Court in <u>Royal Canin</u> was addressing <u>*both*</u> the which-complaint question <u>*and*</u> the supplemental-jurisdiction question. <u>Id.</u> Indeed, as the Supreme Court itself noted, the Circuit split arose under the which-complaint question. <u>Royal Canin U.S.A., Inc. v. Wullschleger</u>, 604 U.S. 22, 30 (2025) ("Other Courts of Appeals have reached the opposite conclusion, holding that a post-removal amendment cannot divest a federal court of jurisdiction. On that view, "the existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal.'").

Thus, the Supreme Court granted certiorari to address <u>*both*</u> questions – and did so.

**B. *Royal Canin*'s first principle**

As to the first <u>*which-complaint*</u> question, <u>Royal Canin</u> answered that question quite clearly in favor of analyzing the <u>*amended*</u> complaint for jurisdictional purposest: "**When a plaintiff amends her complaint following her suit's removal, <u>*a federal court's jurisdiction depends on what the new complaint says*</u>**." <u>Royal Canin U.S.A., Inc. v. Wullschleger</u>, 604 U.S. 22, 30 (2025). Why did the Supreme Court say so?

It noted that there are a "bevy of rules hinging federal jurisdiction on the allegations made in an amended complaint[.]" <u>Id.</u> at 30. Specifically, multiple federal statutes – <u>*including **CAFA** – make clear that the amended complaint is the one to look at*</u>:

> That result accords with Congress's usual view of how amended pleadings can affect jurisdiction. On that view, apparent in varied federal statutes, an amendment can wipe the jurisdictional slate clean, giving rise to a new analysis with a different conclusion. Consider *28 U. S. C. §1653*: It states broadly that, in both trial and appellate courts, "[d]efective allegations of jurisdiction may be amended" to ensure that a case can go forward. So a case falling outside the federal court's jurisdiction can come within it by virtue of an amendment. Or take the statute laying out procedures for removal. It provides that even "if the case stated by the initial pleading is not removable," an amendment may make it so: The defendant can remove the case after receiving "an amended pleading" establishing that the case is newly subject to federal jurisdiction. *§1446(b)(3)*; see **§1332(d)(7) (similarly providing that an "amended complaint" in a proposed class action may create "[f]ederal jurisdiction")**. In such statutes, Congress conceives of amendments as having the potential to alter jurisdiction. And just the same here.

Royal Canin, 604 U.S. 22, 34 (2025).  Accordingly, the statutory framework, including *CAFA*, supported the basis that *amendment* has jurisdictional significance.

This *which-complaint* rule was distinguished from the *time-of-filing rule*.  This is a critical, but subtle, distinction that is often confused.  The Supreme Court explained it as follows:

> The *Rockwell* Court distinguished its rule from another, operating in diversity cases, which evaluates a party's citizenship (*e.g.,* whether the defendant is in fact from New York) at the time a suit is brought, and never again later.  That so-called time-of-filing rule, *Rockwell* explained, concerns only the actual "state of things" relevant to jurisdiction—meaning, the facts on the ground, rather than (as addressed here) the claims and parties that the plaintiff includes in a complaint.

Royal Canin, 604 U.S. at 36 n.5.

The Supreme Court further clarified that that while amount-in-controversy and place-of-citizenship are *fixed* under the time-of-filing rule as at the time of filing, *who counts as a party to the case – i.e., whose citizenship is relevant – is determined by examining the amended complaint*:

> So this Court has viewed it as analogous to the time-of-filing rule applying to citizenship, which also assesses a factual issue relevant to jurisdiction only at the suit's outset. See *St. Paul Mercury*, 303 U. S., at 294-295, 58 S. Ct. 586, 82 L. Ed. 845; *Rosado* v. *Wyman*, 397 U. S. 397, 405, n. 6, 90 S. Ct. 1207, 25 L. Ed. 2d 442 (1970); *supra,* at 36, n. 5. Second, the rule responds to the difficulties of assessing a suit's value and the likelihood that the calculation will change over the course of litigation. Especially given that the alleged amount-in-controversy does not cap damages, "constant litigation" over the matter, having the potential to alter a court's jurisdiction, "would be wasteful." *Grupo Dataflux* v. *Atlas Global Group, L. P.*, 541 U. S. 567, 580-581, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004) (making the same point about changes in citizenship). *But as all the examples given above show, we have never held such a concern to limit the effect of the plaintiff's decision, as the master of her complaint, **to add or subtract claims or parties***.

Royal Canin, 604 U.S. at 38 n.8.  Thus, Royal Canin clarified the framework.  *Under the which-complaint rule*, you look to the operative amended complaint.  Id. at 35 ("If a plaintiff amends her complaint, the new pleading "supersedes" the old one: The "original pleading no longer performs any function in the case.").  The operative complaint tells you *which persons' citizenship matters*.  Then, *under the time-of-filing rule*, you determine the citizenship (*i.e.*, domicile) of the relevant persons, as the name implies, at the time of filing.  Id. at 36 n.5, 38 n.8.  Accordingly, here, this Honorable Court

would use the *amended complaint* to determine *whose* citizenship matters, but it would be their citizenship at the *time of filing*.

Ultimately, the Supreme Court forcefully summed up the extent and reach of its holding that the *which-complaint* question should be answered by looking to the amended complaint to determine jurisdiction:

> **Federal courts**, *Rockwell* stated, "**look to the amended complaint to determine jurisdiction.**"  **That rule**, as earlier described, explains a host of jurisdictional outcomes.  It **operates in federal-question cases and diversity cases, both to destroy and to create jurisdiction. And it cannot give way, in a case like this one, just because the case was removed from state to federal court.**

Royal Canin, 604 U.S. at 43 (2025).  Accordingly, when Plaintiffs amended their "complaint, the jurisdictional analysis changed." See id. at 44.

### C.  *Royal Canin*'s second principle

The second principle in Royal Canin is that supplemental jurisdiction cannot persist when a party amends to remove the basis for original federal jurisdiction – *even in a removal case*.  Id. at 32-33, 43.  *Critically, this principle is not directly at issue here, but, notably, there would no occasion to answer this second question unless the Supreme Court had first decided that it was the amended complaint that governed jurisdiction.*

And, the Supreme Court's answer to this question is relatively simple and unfolds in two parts. *First*, an earlier precedent – Rockwell Int'l Corp. v. United States, 549 U. S. 457, 473-474 (2007) – had held that in a non-removed case, originally begun in federal court, a plaintiff's amendment of pleadings to excise the basis for original federal jurisdiction from the complaint required dismissal, even of claims for which there was supplemental jurisdiction.  Id. at 32-33.

*Second*, the Supreme Court found *no textual basis to distinguish between removed and non-removed claims in the relevant statute – 28 U.S.C. § 1367* – and, so, the rule of Rockwell applied in removed cases too.  Id. at 32-33 ("Nothing in §1367's text—including in the text Royal Canin highlights—distinguishes between cases removed to federal court and cases originally filed there. See Tr. of Oral Arg. 7-8. Whatever that text says about removed cases, it also says about original ones, and vice versa."); id. at 43 ("§1367, as earlier shown, makes no distinction between cases beginning

in federal court and cases removed there. If in the former the amendment "defeat[s] jurisdiction," as Rockwell rightly held, then so too in the latter.").

\*\*\*\*\*

The upshot is that Royal Canin answered two questions – the which-complaint question and the supplemental-jurisdiction question. And, the which-complaint question is directly relevant here because of the dispute over the appropriate complaint to examine for purposes of jurisdiction: "**When a plaintiff amends her complaint following her suit's removal, _a federal court's jurisdiction depends on what the new complaint says_**." Royal Canin, 604 U.S. at 30. And, indeed, part of its rationale for requiring analysis of the amended complaint was _CAFA_, _i.e._, 28 U.S.C. § 1332(d)(7). Id. at 34 (discussing amendment).

The second question is not directly relevant, but it important to keep in mind for a few reasons: **(1)** there would have been no occasion to answer the second question unless the Supreme Court had first answered the which-complaint question as it did – in favor of the amended complaint; **(2)** the analysis for the second question reinforces that the Supreme Court does not permit distinctions between removal / non-removal cases unless the statute itself directly drew the distinction between removal / non-removal cases; and **(3)** the existence of the separate questions on supplemental jurisdiction addresses objections Defendants have made in other filings that incorrectly suggest Royal Canin only dealt with one issue.

II.   **THE AUTHORITIES CITING TO _ROYAL CANIN_**

Of course, this Honorable Court is not writing on an entirely blank slate. Royal Canin gives definitive statements about which complaint to examine: "**jurisdiction follows from (and only from) the operative pleading**." Royal Canin, 604 U.S. at 35. And, that principle governs **(1)** _which complaint_ to examine (the operative, amended one) and **(2)** _whether the supplemental jurisdiction_ can outlast the excising of the claims that form the basis of original jurisdiction (they cannot). And, the two separate principles are further reinforced by the manner in which the district courts in the Ninth Circuit apply Royal Canin.

## A. Citing Cases

As of this filing, over 60 cases in this Circuit cite to Royal Canin and those citations make clear there are two separate principles at play in Royal Canin.

That's because there are numerous cases that only rely upon Royal Canin for the proposition that jurisdictional determinations follow from the *amended* complaint (without nearby mention of supplemental jurisdiction). E.g., Roberts v. Eclipz.Io, Inc., 2025 U.S. Dist. LEXIS 57985, at *2 (N.D. Cal. Mar. 27, 2025) (Lee, J.); Khlafa v. Or. Health, 2025 U.S. Dist. LEXIS 82001, at *3-4 (D. Or. Apr. 30, 2025) (Simon, J.); Sandoval v. Little Caesar Enters., Inc., 2025 U.S. Dist. LEXIS 72629, at *5 (C.D. Cal. Apr. 16, 2025) (Carter, J.); Sandoval v. Don Roberto Jewelers, Inc., 2025 U.S. Dist. LEXIS 68081, at *4-5 (C.D. Cal. Apr. 9, 2025) (Holcomb, J.); Brown v. Metro by T-Mobile, 2025 U.S. Dist. LEXIS 24774, at *8-9 (C.D. Cal. Feb. 10, 2025) (Hsu, J.); Faraji v. Fox Corp.,, 2025 U.S. Dist. LEXIS 53248, at *3-4 (C.D. Cal. Feb. 10, 2025) (Anderson, J.); Collins v. Miller, 2025 U.S. Dist. LEXIS 13610, at *3 (D. Ariz. Jan. 24, 2025) (Liburdi, J.); see also Genosa v. Glob. K9 Prot. Grp., LLC, 2025 U.S. Dist. LEXIS 44263, at *5 n.1 (S.D. Cal. Mar. 10, 2025) (Battaglia, J.) (extending Royal Canin to apply to cases where the complaint is not formally amended but claims are abandoned).

*These authorities include casers where the which-complaint rule is invoked by itself include diversity case to require examination of the amended complaints*. E.g., Zahir v. Mercedes Benz-USA, LLP, 2025 U.S. Dist. LEXIS 82358, at *16-17 (C.D. Cal. Apr. 30, 2025) (Slaughter, J.); Hayden v. Campbell, 2025 U.S. Dist. LEXIS 70346, at *7-8 (D. Nev. Apr. 11, 2025) (Du, J.); id. at *8 n.7; Davis v. Kula Kai View Ests. Cmty. Ass'n, 2025 U.S. Dist. LEXIS 39360, at *6 (D. Haw. Mar. 5, 2025) (Watson, J.); Gray v. City of Roseville, 2025 U.S. Dist. LEXIS 65040, at *3 (E.D. Cal. Apr. 4, 2025) (Armistead, M.J.).

Likewise, outside the Ninth Circuit, there are relevant cases construing Royal Canin. Among them, the Fourth Circuit has determined that Royal Canin applies in a *class-action context to class definition*. Black v. Mantei & Assocs., Ltd., 2025 U.S. App. LEXIS 19017, at *12-13 (4th Cir. July 30, 2025) ("And they clarified in the amendment that they sought only to certify the class of "South Carolina citizens and the estates of deceased South Carolina citizens[…]"). And, the Fifth Circuit

has reiterated that amendments control which persons are considered for jurisdiction purposes. Abraham Watkins Nichols Agosto Aziz & Stogner v. Festeryga, 138 F.4th 252, 258 n.38 (5th Cir. 2025); see also Ozturk v. Hyde, 136 F.4th 382, 393-94 (2d Cir. 2025).

The upshot of these additional authorities is that they reiterate and make further clear that Royal Canin is not purely about supplemental jurisdiction. It has a threshold legal principle regarding amendment, a principle is centrally at issue here because it dictates that the correct complaint to look to determine subject-matter jurisdiction was the operative one, even though this case doesn't involve questions of supplemental-jurisdiction.

### B. Secondary materials

The secondary materials also confirm that Royal Canin has a standalone principle and proposition of law related to the amended complaint's effect upon the earlier complaint. Three points are key.

*First*, a leading treatise author has recognized that that Royal Canin is no small case but will "*significantly impact*" removal jurisdiction. E.g., Jim Wagstaffe, U.S. Supreme Court Clarifies "Snapshot" Rule in Examining Removal Jurisdiction (2025) (Royal Canin "will significantly impact removal jurisdiction."); id. ("a removal-remand juggernaut"); id. ("rippling effects"); id. ("The plaintiffs now have a powerful tool to compel a remand of an entire action to state court notwithstanding that the underlying complaint (including federal claims) was properly removed by the defendants.").

*Second*, civil-procedure treatises confirm that there are two separate principles at play, one on *which complaint* and the other on *supplemental jurisdiction*. Compare 3 MOORE'S FEDERAL PRACTICE - CIVIL § 15.16 n.36.4 (2025) ("**Amendment to eliminate basis for federal jurisdiction requires remand.** (bolding in original)) with id. n.36.6 ("with any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well"). Sometimes, the treatises state these principles together, but in different sentences. E.g., 1 MANUAL OF FEDERAL PRACTICE § 1.59 (2025); WAGSTAFFE PRAC GUIDE: FED CIVIL PROC BEFORE TRIAL § 6-V (2025). Other times, the treatises mention the which-complaint ruling *without* any reference to supplemental jurisdiction. E.g., 3 MOORE'S FEDERAL PRACTICE - CIVIL § 15.10 n.8.3.1 (2025) ("**Amendment can eliminate basis for**

**removal**." (bolding in original); 3 MOORE'S FEDERAL PRACTICE - CIVIL § 15.17 n.9 (2025) ("**Amended pleading supersedes original.**"); 1 MANUAL OF FEDERAL PRACTICE § 1.31 (2025); id. § 1.34. These cases only serve to bolster the scope of Royal Canin's holding.

## III.    THE NINTH CIRCUIT'S DECISION IN *BROADWAY GRILL*

Given the above, the Ninth Circuit's ruling in Broadway Grill, Inc. v. Visa Inc., 856 F.3d 1274 (9th Cir. 2017), stands in direct conflict, and is irreconcilable, with Royal Canin's ruling on the *which-complaint* question.

Broadway Grill holds that "the existence of minimal diversity in this case must be determined **on the basis of the *pleadings* at the time of removal** [.]" Broadway Grill, Inc. v. Visa Inc., 856 F.3d 1274, 1279 (9th Cir. 2017); id. at 1275 (deciding whether plaintiffs may amend their complaint, after a case has been removed to federal court, to change the definition of the class so as to eliminate minimal diversity and thereby divest the federal court of jurisdiction. We hold plaintiffs may not do so[.]"). Other Circuits had said so too. Royal Canin, 604 U.S. at 30 (noting that other Circuits had held that "[t]he existence of subject matter jurisdiction is determined by examining **the *complaint* as it existed at the time of removal**").

These Circuits were reversed. They erred because amendment supersedes the earlier complaint: "If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: **The 'original pleading no longer performs any function in the case.'**" Id. at 35. Accordingly, jurisdiction depends upon what the *amended complaint* says: "When a plaintiff amends her complaint following her suit's removal, **a federal court's jurisdiction depends on what the new complaint says**." Id. at 35.

And, the Supreme Cout has taken pains to emphasize that this rule applied in *both* diversity cases and removal context:

> **[I]n removed cases too, amending a complaint to join a non-diverse party destroys diversity jurisdiction**. So if such a joinder occurs after removal, the federal court must remand the case to the state court it began in. Once again, federal jurisdiction—or its absence—follows from the amended complaint.
>
> The **uniformity** of that principle, as **between original and removed cases**, is not surprising. The appropriateness of federal jurisdiction—or the lack thereof—does not depend on whether the plaintiff first filed suit in federal or state court. Rather, it

depends, in either event, on the substance of the suit—the legal basis of the claims (federal or state?) and the citizenship of the parties (diverse or not?). (That focus on substance is indeed why original jurisdiction and removal jurisdiction generally mirror each other in scope. See §1441(a).) So in a removed no less than in an original case, the rule that jurisdiction follows the operative pleading serves a critical function. It too ensures that the case, as it will actually be litigated, merits a federal forum.

Id. at 38-39.

And, moreover, the Supeme Court noted that *one of its statutory bases for this determination about the effect of amendment was CAFA itself*, noting that "**an amendment can wipe the jurisdictional slate clean, giving rise to a new analysis with a different conclusion**." Id. at 23 (citing 28 U.S.C. § 1332(d)(7) to support this proposition). Given all this, Broadway Grill stands in direct conflict with Royal Canin.

***** 

Indeed, Royal Canin not only directly conflicts with Broadway Grill's holding but also directly undermines its rationales, not just its holding.

***First***, it's unclear Broadway Grill has any applicability here. Plaintiffs contend that it is inapposite. By its own words, Broadway Grill applied where a removed plaintiff sought "to ***change*** the definition of the class so as to eliminate minimal diversity and thereby divest the federal court of jurisdiction." Id. at 1275. Yet, here, there was **no** class definition in the initial complaint, as this Honorable Court acknowledged. Dkt.45 at 5 (acknowledging that "there is no class definition" in the initial complaint). Of course, Broadway Grill did say that a "class definition, however, will always be present in any class action complaint, state or federal." 856 F.3d at 1278. Yet, that language indicates that the Ninth Circuit viewed a class definition as a *pre-requisite under federal law for asserting a class*. So, this language only supports the inapposite nature of Broadway Grill – a case about a *changed* class definition – to one where there wasn't one to begin with. In that sense, Broadway Grill didn't apply here.

***Second***, the question in Broadway Grill is whether amendment can destroy a type of diversity jurisdiction – *i.e.*, "whether plaintiffs may amend their complaint, after a case has been removed to federal court, to change the definition of the class so as to eliminate minimal diversity and thereby divest the  federal court of jurisdiction." 856 F.3d at 1275. Royal Canin is clear that amendments

20

can "destroy jurisdiction": "**The amended complaint** becomes the operative one; and in taking the place of what has come before, it **can either create or destroy jurisdiction**." Royal Canin, 604 U.S. at 35.

Indeed, plaintiffs may even destroy jurisdiction by amending the pleadings to change the relevant parties for purposes of determining diversity (*i.e.*, here changing the persons who are part of a class): "She may, for example, name only defendants who come from a different State, or instead add one from her own State and thereby destroy  diversity of citizenship." Id.

*Third*, Broadway Grill's assertion that you examine the pleadings at the time of removal is both incorrect statement of law and contrary to Royal Canin.  Broadway Grill says that "the circuits have unanimously and repeatedly held that whether remand is proper must be ascertained on the basis of the pleadings at the time of removal."  856 F.3d at 1277.  **(A)** That's simply not an accurate statement of law: the Eighth Circuit's rule on looking to amended pleadings for purposes of removal jurisdiction goes back nearly "**100 years**[.]" Wullschleger, 75 F.4th at 922 ("*:As we put it nearly 100 years ago*, if "the plaintiff . . . changes his pleading voluntarily so that the court will no longer have jurisdiction . . . then it becomes the duty of the court to remand the case, *if it be a removed case*.'"). Regardless, Royal Canin has now made clear that this removal-specific rule is not good law: "**the rule in removed cases is the same as the rule in original ones**."  604 U.S. at 37; id. at 38 ("**in removed cases too**, amending a complaint to join a non-diverse party destroys diversity jurisdiction").  The Broadway Grill's application of a special *sui generis* rule to removed cases is untenable after Royal Canin.

*Fourth*, Broadway Grill cited concerns about "forum manipulation" as a rationale for its holding.  856 F.3d at 1277.  Royal Canin has rejected such concerns expressly.  604 U.S. at 42 n.9 (noting that the **"'forum-manipulation concerns' fails on multiple levels**").  Again, Broadway Grill's rationale is directly in conflict with the Supreme Court's decision in Royal Canin – just as its holding is also in direct conflict.

*Fifth*, Broadway Grill had "not found any other circuit decisions permitting post-removal amendment of the complaint to affect the existence of federal jurisdiction" as part of its rationale.  856 F.3d at 1278.  Again, the Eighth Circuit has had such a rule for nearly "**100 years**[.]"

Wullschleger, 75 F.4th at 922 (":*As we put it nearly 100 years ago*,[…]).  Moreover, Royal Canin repeatedly tells us that post-removal amendment can "destroy" diversity by changing the pleadings so as to change *who* is relevant for determining diversity jurisdiction.

In short, Royal Canin *is* that authority.

***Sixth***, Broadway Grill relied upon the legislative history of CAFA – "a history that if often cited."  856 F.3d at 1278.  Yet, that legislative history merely reflects the ***time-of-filing*** rule, not the an anti-amendment rule.  Specifically, the legislative history states in pertinent part that "Current law (that S. 5 does not alter) is also clear that, once a complaint is properly removed to federal court, the federal court's jurisdiction cannot be 'ousted' *by later events*."  S.Rep No. 109-14 at 70; see id. ("Thus, for example, changes in the amount in controversy after the complaint has been removed would not subject a lawsuit to be remanded to state court.").  Later events couldn't change minimal diversity:  "The same would be true if a case was removed to federal court because minimal diversity existed at the time and, *because of a later event*, minimal diversity was eliminated."  Id. at 71.  Yet, these "events" include out-of-court events or later "dismissal" of the diverse party.  But, of course, Royal Canin addresses both.  That out-of-court *events* don't change state of citizenship or amount in controversy *is* the time-of-filing rule. 604 U.S. at 36 n.5, 38 n.8.  And, as Royal Canin makes clear *dismissal of a party* (via a disposition from the court) and *excising of a party* (via an amendment of the pleading) are different events.  The legislative history doesn't support the rule, but merely reiterates the well-established *time-of-filing rule*.

***Seventh***, Broadway Grill cited 28 U.S.C. § 1332(d)(7) as supporting it.  856 F.3d at 1279.  Yet, Royal Canin cited §1332(d)(7) as *supporting*  the view that "**an amendment can wipe the jurisdictional slate clean**, giving rise to a new analysis with a different conclusion.   604 U.S. at 34 (citing **28 U.S.C. § 1332(d)(7)**).  Indeed, §1332(d)(7) tells us how to determine the "***Citizenship*** of the members of the proposed class" – yet it gives no instruction or limitation on how to determine the *definition* or *scope* of the proposed class.  Akin to the time-of-filing rule (with some arguable differences), §1332(d)(7) *supports*, not undermines, the conclusion that amendments have jurisdictional significance.  604 U.S. at 34.

Plaintiffs' Principal *Royal Canin* Brief in No. 4:21-cv-6561-YGR

Ultimately, <u>Broadway Grill</u> conflict with the Supreme Court's holding in <u>Royal Canin</u> on the which-complaint question.  Here, amended complaint should now be used to determine the presence of federal jurisdiction: "When a plaintiff amends her complaint following her suit's removal, **a federal court's jurisdiction depends on what the new complaint says**."  604 U.S. at 35.

## IV.    *ROYAL CANIN*'S IMPLICATIONS HERE

The impact of <u>Royal Canin</u> upon the case here is relatively simple: its first principle regarding the *which-complaint* question dictates that the analysis of jurisdiction should be conducted anew by reference to the *amended* complaint.  Indeed, under <u>Royal Canin</u>:

1. "**When a plaintiff amends her complaint following her suit's removal, a federal court's *jurisdiction depends on what the new complaint says*.**"  604 U.S. at 30.

2. **That's because the "'original pleading no longer performs *any* function in the case.'"**  <u>Id.</u> at 35.

3. And, this rule applies to *jurisdiction* in *diversity* cases, even in *removal* cases, and is *bolstered* by CAFA in 28 U.S.C. § 1332(d)(7).  <u>Id.</u> at 34-38.

These principles counsel examining the *amended* complaint in this action to determine the existence of jurisdiction.

Indeed, although the Ninth Circuit's March 4, 2025, order was vacated as premature, it was not disavowed as a persuasive authority.  And, that order quite accurately stated <u>Royal Canin</u>'s effect here: "Because the district court evaluated subject matter jurisdiction in light of Plaintiffs-Appellants' initial complaint, and not their first amended complaint, we remand to the district court to consider in the first instance whether Plaintiffs Appellants' first amended complaint confers subject matter jurisdiction under the Class Action Fairness Act.  **REMANDED**."  Dkt.91 at 1-2.  It is not controlling but it is highly persuasive of how three smart Circuit Judges viewed the significance of <u>Royal Canin</u> here: look to the amended complaint.

And, although the question on remand is the *effect* of <u>Royal Canin</u> (*i.e.*, to re-examine jurisdiction from the amended complaint), ***at least two significant effects of examining the amended complaint emerge*** upon careful consideration.

*First*, the class definitions were provided in the amended complaint. Dkt.45 at 3-4 (listing the classes). And, specifically, the class definitions *limited* who could be part of the injury class to *California citizens*. Dkt.45 at 3. Given these class definitions, unless the individual died or was a California citizen, they would not be a part of the class definitions provided in the amended complaint. Dkt.45 at 3-4.

Accordingly, *even if* one can "identify harms in Florida and Canada," that does nothing to support that those harmed individuals are part of the class definition *unless and until* it is alleged and shown that they *died*. In other words, under the amended complaint, an allegation or showing of minimal diversity *requires* showing that the person *died* – not merely was injured *because* as the class definitions make clear persons who were only injured but did not die are not part of the class and not within the jurisdictional scope. Of course, under the time-of-filing rule, the citizenship is determine at the *time of filing* – not the date of amended complaint. In short, the only citizenship of any person identified is that of Bella Herndon and her family – and *they* are not minimally diverse. Harms in Florida or Canada do not tell us the *domicile* of those harmed, but even if they did, Defendant would further need to allege and demonstrate that those persons harmed in turn *died* – otherwise they would not be part of the class as defined in the amended complaint. In short, the amended complaint creates another basis upon which minimal diversity has not been allege and has not been demonstrated in this action.

*Second*, there is also an impact upon the CAFA exceptions. See Dkt.45 at 9-10. Specifically, the amended complaint provided class definitions as well as additional allegations about the CAFA exceptions. Dkt.22 at 21 ¶ 77. In turn, because the CAFA exceptions would turn on a ratio of California *injuries* to deaths overall – and because this ratio would support the CAFA exceptions, the amended complaint establishes on the basis of pleadings that the CAFA exceptions would be applicable here. See id. In the least it would be a basis for jurisdictional discovery should the amended complaint be considered. (These are *not* exhaustive effects, but are illustratively provided for the convenience of this Honorable Court, given that the remand order directs briefing on Royal Canin itself, on Defendant's request – not the overall impact of the amended complaint upon jurisdictional analysis).

Plaintiffs' Principal *Royal Canin* Brief in No. 4:21-cv-6561-YGR

# CONCLUSION

Royal Canin directs analysis of jurisdictional and CAFA issue by reference to the amended complaint, not the initial complaint.

DATED: August 1, 2025                    Respectfully submitted,

/s/ Ryan Hamilton
Ryan Hamilton
HAMILTON LAW LLC
5125 South Durango, Suite C
Las Vegas, Nevada 89113
(702) 818-1818
Ryan@HamLegal.com

*Attorney for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing via electronic filing in CM/ECF.

DATED: August 1, 2025                    /s/ Ryan Hamilton
Ryan Hamilton

Plaintiffs' Principal *Royal Canin* Brief in No. 4:21-cv-6561-YGR