United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THE ESTATE OF B.H.,** *et al.*, | Case No.  4:21-cv-06561-YGR |
| Plaintiffs, | |
| v. | **ORDER REGARDING JURISDICTION UNDER** ***ROYAL CANIN*** |
| **NETFLIX, INC.,** | Dkt. Nos. 108, 109, 113, 114 |
| Defendant. | |

Plaintiffs the Estate of B.H., John Herndon, B.H.'s father and successor in interest, J.H., a minor, and T.H. a minor, on behalf of themselves and others similarly situated (collectively "plaintiffs"), filed a class action against defendant Netflix, Inc. ("Netflix") in 2021 alleging that its show *Thirteen Reasons Why* led to an increase in youth suicide. The Court determined that it had subject matter jurisdiction over the case under the Class Action Fairness Act ("CAFA") (Dkt. No. 45) and dismissed plaintiffs' complaint with prejudice in January 2022. (Dkt. No. 76.) This case then made its way through the appellate courts and was eventually remanded to this Court so that it could reanalyze whether it properly had subject matter jurisdiction in light of recent Supreme Court precedent. The Ninth Circuit instructed the Court "to consider what effect, if any, the Supreme Court's decision in *Royal Canin* has on the court's subject matter jurisdiction in this case." (Dkt. No. 94.) The parties provided supplemental briefing. (Dkt Nos. 108, 109, 113, 114.)

Having carefully considered the papers submitted along with the pleadings in this action, the Court determines that *Royal Canin* applies to, but does not change the outcome of, this case.[1] Accordingly, the case remains dismissed. (Dkt. Nos. 76, 87.)

## I.    PROCEDURAL BACKGROUND

On April 30, 2021, plaintiffs filed their class action complaint in California Superior Court for the County of Santa Clara. (Dkt. No. 3-1, the "Compl.") Plaintiffs advanced claims for failure

---

[1] Under Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument given the narrow legal issue.

to warn, wrongful death, and negligence stemming from an alleged increase in youth suicide after Netflix released its show *Thirteen Reasons Why*. Netflix removed to this Court on August 25, 2021, asserting that jurisdiction was proper under the CAFA. (Dkt. No. 3.) In response, plaintiffs amended their complaint to include new class definitions, among other changes. (Dkt. No. 22, the "AC.") The amended complaint advances two classes, including a "California Negligence and Failure-to-Warn Class" and a "Global Wrongful-Death Class." (AC ¶ 76.) Plaintiffs pled that "it is likely that more than two thirds of the proposed class members of all such proposed classes are California citizens." (*Id.* ¶ 77.)

Two days after plaintiffs filed their amended complaint, plaintiffs moved to remand. (Dkt. No. 25.) The Court denied that motion because it determined that it had subject matter jurisdiction under CAFA. (Dkt. No. 45.)[2] In ruling as it did, the Court followed Ninth Circuit precedent and analyzed plaintiffs' original complaint, which was operative at the time of removal, rather than the amended complaint. (*Id.*) The Court later dismissed plaintiffs' complaint with prejudice. (Dkt. Nos. 74, 76.)

Plaintiffs appealed the Court's dismissal order to the Ninth Circuit, which affirmed on the merits and determined that "any amendment would be futile." (Dkt. Nos. 80, 87.) Plaintiffs next petitioned the Supreme Court for certiorari. The Supreme Court granted plaintiffs' petition, vacated the Court's order, and remanded the case to the Ninth Circuit, ordering it to consider the Supreme Court's recent decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025). (Dkt. No. 93.) The Ninth Circuit in turn issued a mandate to this Court requiring it "to consider what effect, if any, the Supreme Court's decision in *Royal Canin* has on the subject matter jurisdiction in this case." (Dkt. Nos. 94, 95.) The parties submitted supplemental briefing on the issue. (Dkt. Nos. 108, 109, 113, 114.)

## II.    LEGAL STANDARD

Removal is proper only if a case could have been brought, in the first instance, in federal court. 28 U.S.C. § 1441(a). A court must have subject matter jurisdiction for each case over which

---

[2] Plaintiffs sought permission to appeal from the Ninth Circuit under 28 U.S.C. § 1453(c). (Dkt. No. 51.) The Ninth Circuit denied that petition. (Dkt. No. 77.)

United States District Court
Northern District of California

it presides—typically based on "federal question" or "diversity" jurisdiction. 28 U.S.C. §§ 1331, 1332. Jurisdiction under CAFA is a type of diversity jurisdiction for class action lawsuits. 28 U.S.C. § 1332(d). Subject matter jurisdiction exists under CAFA where a class contains at least 100 class members, at least one of which is diverse in citizenship from any defendant, and where the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). Although courts strictly construe removal statutes against removal jurisdiction, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

The removing party bears the burden of establishing federal jurisdiction under CAFA. *Perez v. Rose Hills Co.*, 131 F.4th 804, 808 (9th Cir. 2025). It must thus prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold, *Dart Cherokee*, 574 U.S. at 88 (citing 28 U.S.C. § 1446(c)(2)(B)), that the number of class members exceeds 100, and that minimal diversity exists between the parties. *See Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

## III.   DISCUSSION

Given the Ninth Circuit's mandate, the Court first determines whether *Royal Canin* applies, and if so, then whether the Court properly had subject matter jurisdiction when it dismissed plaintiffs' complaint.

### A.   ROYAL CANIN

The parties dispute whether the Supreme Court's recent decision in *Royal Canin* applies to this case. Plaintiffs argue that it does. Netflix counters that *Royal Canin* should not be read to apply to CAFA jurisdiction.

#### 1.  Overview of *Royal Canin*

The Court begins with an overview of *Royal Canin*.

The question before the Supreme Court in *Royal Canin* was whether a post-removal amendment could divest a federal court of jurisdiction. The Supreme Court answered in the affirmative: "[w]hen a plaintiff amends her complaint following her suit's removal, a federal

3

court's jurisdiction depends on what the new complaint says." 604 U.S. at 30. For *Royal Canin*, that meant that the district court was stripped of jurisdiction once the plaintiff excised federal claims from her complaint. *Id*. The Supreme Court reasoned that the plaintiff is "the master of the complaint, and therefore controls much about her suit." *Id.* at 35. "She gets to determine which substantive claims to bring against which defendants" and in doing so establishes the basis for jurisdiction. *Id.* Control "extends beyond the time her first complaint is filed" because a new pleading "supersedes" the old. *Id.* Said differently:

> Changes in parties, or changes in claims, effectively remake the suit. And that includes its jurisdictional basis: The reconfiguration accomplished by an amendment may bring the suit either newly within or newly outside a federal court's jurisdiction.

*Id.* at 35–36. Here, "jurisdiction follows from (and only from) the operative pleading." *Id.* at 35. That meant the plaintiff, who had initially pled federal and state law claims, and whose complaint was removed to federal court based on federal question (28 U.S.C. § 1331) and supplemental (28 U.S.C. § 1367) jurisdiction, could amend her complaint to excise the federal claim and therefore divest the court of subject matter jurisdiction.

Although the backdrop of *Royal Canin* involves federal question and supplemental jurisdiction, the Supreme Court did not limit the opinion's scope to those sources of jurisdiction. It mentioned others, like diversity jurisdiction (28 U.S.C. § 1332), throughout the opinion. The Supreme Court, for example, confirmed that "an amendment can either destroy or create jurisdiction in an original diversity case." *Id*. at 37. Moreover, the Supreme Court announced that "the presence of jurisdiction, in removed as in original cases, hinges on the amended, now operative pleading. By adding or subtracting *claims or parties*, and thus reframing the suit, that pleading can alter a federal court's authority." *Id.* at 39 (emphasis supplied). The mention of "parties" is relevant only to diversity jurisdiction.

The Supreme Court carved out two exceptions to the general rule. First, the Supreme Court explained that "an amendment reducing the alleged amount-in-controversy to below the statutory threshold" will not destroy diversity jurisdiction. *Id.* at 38, n. 8. (citing *St. Paul Mercury Indem. Co. v. Red Cab Co*, 303 U.S. 283, 294–95 (1938)). Second, it explained that a party's citizenship,

for purposes of diversity jurisdiction, must be determined at the time of filing the case. *Id.* (citing *Rosado v. Wyman*, 397 U.S. 397, 405, n.6 (1970)). Those exceptions apply to "facts on the ground" that, if subject to change, would invite constant litigation and do not apply to the "claims and parties" at the heart of the lawsuit. *Id.* at 38, n. 8. Neither exception distracts from "the effect of the plaintiff's decision, as the master of her complaint, to add or subtract claims or parties." *Id.*

### 2.  Application of *Royal Canin* and CAFA Jurisdiction

With that background in mind, the Court turns to its application here.

Netflix argues that *Royal Canin* does not apply because the Supreme Court interpreted only the text of statute governing supplemental jurisdiction (28 U.S.C. § 1367), while this case involves CAFA jurisdiction (28 U.S.C. § 1332(d)). Netflix attempts to cabin *Royal Canin* to "the specific and concrete context of determining whether there is supplemental jurisdiction over leftover state claims." (Dkt. No. 113 at 4.) Netflix maintains that *Royal Canin*'s "passing" references to diversity and CAFA jurisdiction do not support an "across-the-board" rule. Those arguments do not persuade.

*First*, *Royal Canin*, as previously explained, refers to diversity jurisdiction throughout the opinion. The fundamental rationale applies equally to CAFA cases.

*Second*, recent Ninth Circuit precedent undermines Netflix's argument limiting *Royal Canin* to cases involving only supplemental jurisdiction. In *Rosenwald v. Kimberly-Clark Corporation*, the Ninth Circuit allowed plaintiffs leave to amend to cure their jurisdictional allegations and subsequently applied *Royal Canin* in analyzing the *amended* complaint's allegations related to CAFA and traditional diversity jurisdiction. 152 F.4th 1167, 1180 (2025) (citing *Royal Canin*, 604 U.S. at 35–36) ("And that includes its jurisdictional basis: The reconfiguration accomplished by an amendment may bring the suit either newly within or newly outside a federal court's jurisdiction.") There, plaintiffs had "subtract[ed] claims and parties" in limiting their nationwide class to a California class and thus, without an exception, "the general rule holds." *Id.* at 1181.[3]

---

[3] Netflix's citation to *Zurbriggen v. Twin Hill Acquisition* is inapposite. 2025 WL 1092973 (N.D. Ill. Apr. 11, 2025). There, the Northern District of Illinois determined, in a footnote, that

5

*Finally*, the rationale of *Royal Canin* contradicts Netflix's argument that the Supreme Court did not intend to create an "across-the-board" rule. In *Royal Canin*, the Supreme Court underscored the need for uniformity between both original and removed cases. In analyzing both diversity and federal question jurisdiction, the Supreme Court explained the import of an amendment's ability to *create* or *destroy* jurisdiction in tandem and that both "original jurisdiction and removal jurisdiction generally mirror each other in scope." 604 U.S. at 39. Netflix's reading of *Royal Canin* inverts that principle and would allow a plaintiff to amend their complaint to create CAFA jurisdiction but would not allow a plaintiff to amend to destroy it.

The Court agrees with plaintiffs and holds that *Royal Canin* applies with equal force to CAFA jurisdiction. No exception identified in *Royal Canin*—amendments to the amount in controversy or place of citizenship—applies to the facts of this case. Here, plaintiffs sought to amend its claims by revising the class definition, not the amount in controversy or the citizenship of the identified parties. The Court next moves to analyzing the amended complaint.

**B.    CAFA**

On remand, the parties do not dispute that the amended complaint plausibly alleges more than 100 members and that the amount in controversy exceeds $5 million. The parties dispute only whether the amended complaint (1) alleges minimal diversity, and (2) satisfies a CAFA exception.

**1.   Minimal Diversity**

CAFA's minimal diversity requirement confers jurisdiction on federal district courts over class actions where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Like before, there is no dispute that Netflix and the named plaintiffs are not diverse. Plaintiffs instead argue that Netflix has not identified any diverse member of the class to satisfy CAFA's minimal diversity requirement.

The Court's prior analysis, which found that plaintiffs plausibly alleged minimal diversity, holds. In the original complaint, plaintiffs had not defined the geographic scope of the class.

---

*Royal Canin* discussed only arising under and supplemental jurisdiction. *Id.* at * 4, n. 4. That out-of-circuit decision is now at odds with the Ninth Circuit's recent ruling in *Rosenwald*.

United States District Court
Northern District of California

Plaintiffs, in response, amended their complaint to allege both a proposed California class and a Global class:

> *California Negligence and Failure-to-Warn Class*: All ascertainable California citizens (the harmed minors who survived or their successors in interest on behalf of the decedents who did not) who watched Netflix's Show, in full or in part, and assert that they suffered as a result of Netflix's failure to adequately warn and/or as a result of being negligently targeted and manipulated by Netflix (or its streaming and content-delivery products) to watch the Show.

> *Global Wrongful-Death Class*: All ascertainable beneficiaries (or their equivalents such as those otherwise legally entitled or with standing to bring claims for wrongful death or an equivalent under their state or national laws) of decedents who watched Netflix's Show, in full or in part, and died as a result of Netflix's failure to adequately warn and/or as a result of being negligently targeted and manipulated by Netflix (or its streaming and content-delivery products) to watch the Show.

(AC ¶ 76.) Plaintiff argues that Netflix has not established minimal diversity because Netflix did not identify a diverse citizen (*i.e.*, not a citizen of California). (Dkt. No. 109 at 24.) That response ignores the Court's prior order and that plaintiffs proposed a *global* class, which contains, by definition, class members outside of California. (Dkt. No. 45 at 8.); *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227–28 (9th Cir. 2019) (setting forth low burden of proof implemented in a facial challenge.) The amended complaint continues to allege that minors were harmed in Florida and Canada. (AC ¶¶ 47, 52.) Like before, plaintiffs concede that "minimal diversity very likely exists." (Dkt. No. 26 at 11, n. 4.) The Court previously relied on those same allegations and concessions, when analyzing the original complaint to establish minimal diversity.

The Court again finds that Netflix satisfied its burden in showing that plaintiffs plausibly alleged minimal diversity in analyzing the amended complaint.

### 2. CAFA Exceptions

Plaintiffs next argue that its amended complaint satisfies an exception to CAFA. As the Court explained in its prior order, there are two exceptions to CAFA: the mandatory home-state exception under 28 U.S.C. § 1332(d)(4)(B); and the discretionary home-state exception under 28 U.S.C. § 1332(d)(3). The party seeking remand bears the burden of proving that a CAFA exception applies. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).

Under the mandatory home-state exception, the Court must decline to exercise jurisdiction

United States District Court
Northern District of California

where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). "To meet this burden, the moving party must provide some facts in evidence from which the district court may make findings regarding class members' citizenship." *Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1121 (9th Cir. 2017) (cleaned up). The Court may make "reasonable inferences from facts in evidence." *Id.*

Plaintiffs argue that the amended complaint contains new allegations that satisfy the home-state controversy exception. Plaintiffs allege:

> A precise determination of the composition of these classes will require discovery from Netflix and correspondence with potential class-members. Yet, given the ratio of suicide attempts and lesser forms of actionable harm compared to the actual number of suicides in general, **it is likely that more than two thirds of the proposed class members of all such proposed classes are California citizens.** It is even more likely that more than one third of the members of all such proposed class members are California citizens.

(AC ¶ 77; emphasis supplied.) Plaintiffs speculate that "given the ratio" (unspecified) of actionable harm to suicides, two thirds of the total proposed class members are California citizens. They do so because the "California" subclass involves all injuries, while the "Global" subclass involves only injuries resulting in suicide, which plaintiffs suspect is lower.

Here, like before, plaintiffs fail to carry their burden. Plaintiffs do not specify what the "ratio" is. Nor do they provide any facts in evidence to support their ostensible "ratio" of injury to wrongful death, and argue, without more, that a certain class composition is "likely." Rather than submit evidence, plaintiffs in effect concede—yet again—that they do not know the scope of either class. Given the global considerations explicitly alleged, however, the Court finds that it is not plausible that two-thirds of the members of the proposed class are citizens of California.

That same failure applies to the discretionary home-state exception, which allows a Court "in the interests of justice" to decline to exercise jurisdiction when "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based." 28 U.S.C. § 1332(d)(3). Without any alleged facts, the Court has no basis to determine the ratio of

individuals that were injured in California compared to those globally who may have a wrongful death claim.[4] The Court again finds that ratio is not plausible.

Because plaintiffs have not submitted any plausible factual allegations to support the conclusion that a CAFA exception applies, the Court properly had subject matter jurisdiction over the case.[5]

## IV.    CONCLUSION

For the reasons stated above, the Court determines that the Supreme Court's decision in *Royal Canin* applies but does not ultimately change the finding that the Court has subject matter jurisdiction over this case. Accordingly, since this Court had, and has, subject matter jurisdiction over this case, the Court's dismissal on the merits stands. The Ninth Circuit has affirmed that ruling and has determined that "any amendment would be futile." (Dkt. No. 87 at 4.)

The parties shall meet and confer and provide with the Court with a written statement as to next steps, if any, by no later than November 20, 2025.

**IT IS SO ORDERED.**

Dated:   November 10, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court again **DENIES** plaintiffs' request for jurisdictional discovery for the same reasons previously stated. (Dkt. No. 45 at 12.)

[5] Netflix requests that the Court determine whether *Royal Canin* is "clearly irreconcilable" with *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274 (9th Cir. 2017). The Ninth Circuit did not instruct the Court to determine the impact of *Royal Canin* on *Broadway Grill*, so the Court will not do so. The Court assumes without deciding that *Broadway Grill* is not "clearly irreconcilable" with *Royal Canin*. *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). Regardless, under either scenario, the Court retains subject matter jurisdiction over this dispute.