BLANCA F. YOUNG (State Bar No. 217533)
blanca.young@mto.com
J. MAX ROSEN (State Bar No. 310789)
max.rosen@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

ELAINE J. GOLDENBERG (*pro hac vice*)
elaine.goldenberg@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Suite 500 E
Washington, DC 20001
Telephone: (202) 220-1100

Attorneys for NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| THE ESTATE OF B.H., JOHN HERNDON, J.H., a minor, T.H., a minor, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NETFLIX, INC.,<br><br>Defendant. | Case No. 4:21-cv-06561-YGR<br><br>**NETFLIX'S STATEMENT IN RESPONSE TO COURT'S NOVEMBER 10, 2025 ORDER REQUIRING STATEMENT ON NEXT STEPS IF ANY**<br><br>Date: November 20, 2025<br>Ctrm: 1<br>Judge: Yvonne Gonzalez Rogers |

On November 10, 2025, this Court issued an order stating that its prior dismissal of the action stands and requiring that the parties "meet and confer and provide with the Court with a written statement as to next steps, if any, by no later than November 20, 2025." Dkt. No. 116. The parties have met and conferred and disagree about what next steps, if any, are required. Accordingly, Netflix provides this statement in response to the Court's order.

The Ninth Circuit remanded this case in order for this Court to answer a single question: "what effect, if any, the Supreme Court's decision in *Royal Canin* has on the subject matter

jurisdiction in this case." Dkt. Nos. 94, 95. This Court has now answered that question, ruling that under *Royal Canin* this Court's prior "dismissal on the merits stands." Dkt. No. 116.

Netflix respectfully states that the only next step that should be taken here is entry of judgment in favor of Netflix, and Netflix requests entry of such a judgment. *See* Fed. R. Civ. P. 58(d); *see also* Fed. R. Civ. P. 54(a). In the alternative, this Court could choose to simply rest on its November 10 order, which constitutes a final decision. *See* Fed. R. Civ. P. 54(a); *see also* 28 U.S.C. § 1291(a) (referring to "final decisions of district courts"); *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409 (2015) (explaining what qualifies as such a "final decision[]"). But Netflix respectfully suggests that entry of a judgment in a separate document would provide greater clarity going forward. That judgment would not be different in effect from this Court's existing dismissal in Netflix's favor. *See* Dkt. Nos. 74, 76.

It is Netflix's understanding that plaintiffs plan to ask this Court to reopen the case on a variety of different grounds, including to amend its prior dismissal order to reflect subsequent decisions and events and to further address subject-matter jurisdiction. But no such additional proceedings are permissible here. Under the mandate rule, this Court may not "vary" or "intermeddle" with the Ninth Circuit's remand order, "give any other or further relief," "review . . . any matter decided on appeal," or do anything other than "settle so much as has been remanded." *Alaska Dep't of Fish & Game v. Fed. Subsistence Bd.*, 139 F.4th 773, 787 (9th Cir. 2025) (citation omitted). Indeed, this Court lacks jurisdiction to go outside the scope of the Ninth Circuit's remand. *See id.* ("[I]n this circuit, if a district court errs by violating the rule of mandate, the error is a jurisdictional one." (citation omitted)). Here, the remand from the court of appeals asked only whether subject-matter jurisdiction continues to exist in light of *Royal Canin*, and this Court has fully resolved that issue.

In addition, even apart from the mandate rule, the fact that the Supreme Court and the Ninth Circuit directed further consideration of one narrow issue in this Court provides no warrant for any further reopening of the issues in this case, which has been fully and thoroughly litigated for many years. Plaintiffs here have no more right to raise new issues in this Court at this stage than would any other litigant who had a full and fair opportunity to be heard in this Court and in

1 the court of appeals and lost in both venues. If the rule were otherwise, then *any* remand from the court of appeals to this Court, however narrow, would give a party a second bite at the apple on a whole range of issues—a result that would be deeply inefficient for this Court and unfair to the opposing party. *Alaska Dep't of Fish & Game*, 139 F.4th at 789.

That is especially true in this case. The issues that plaintiffs have stated they will ask this Court to address are irrelevant, as they do not affect the propriety of dismissal in favor of Netflix (which this Court ordered on multiple independently sufficient grounds, *see* Dkt. Nos. 74, 76); are barred by law of the case because they were raised and rejected at an earlier stage in this Court and decided as part of the prior appeal, either expressly or by necessary implication, *see Al-Safin v. Cir. City Stores, Inc.*, 394 F.3d 1254, 1258 (9th Cir. 2005); and/or are lacking in any merit.

For all of those reasons, this Court should not take any next steps other than entry of judgment for Netflix. But if the Court were to elect to go outside of the Ninth Circuit's remand order and consider holding further proceedings on any of the grounds that Netflix understands plaintiffs plan to raise,[1] Netflix respectfully requests an opportunity to respond to those grounds in detail before the Court finally decides whether to move forward with such proceedings.

.

---

[1] Although the parties met and conferred yesterday, plaintiffs' counsel suggested that plaintiffs might raise additional issues in the statement that plaintiffs file today, and—given simultaneous submission of the parties' statements—Netflix has not had the benefit of a full written description of any issues plaintiffs contend this Court should address.

| | |
|---|---|
| | Respectfully submitted, |
| DATED: November 20, 2025 | MUNGER, TOLLES & OLSON LLP |
| | By:     */s/ Blanca F. Young* <br> BLANCA F. YOUNG <br> Attorneys for NETFLIX, INC. |