
Ryan Hamilton (SBN 291349)
HAMILTON LAW LLC
5125 South Durango, Suite C
Las Vegas, Nevada 89113
(702) 818-1818
Ryan@HamLegal.com

James Banker (SBN 317242)
DIGITAL JUSTICE FOUNDATION
210 Flamingo Road, #424
Las Vegas, Nevada 89169
(714) 722-5658
JimBanker@Gmail.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE ESTATE OF ISABELLA "BELLA" HERNDON, JOHN HERNDON, J.H., *a minor*, T.H., *a minor*, <br><br>*on behalf of themselves and others similarly situated,* <br><br>                    *Plaintiffs*, <br><br>          v. <br><br>NETFLIX INC., <br><br>                    *Defendant.* | Case No. 4:21-cv-6561-YGR <br><br> **Plaintiffs' Response to Court Order on Royal Canin** |

    This Honorable Court entered an order on Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22 (2025). Dkt.116. That order determined that Royal Canin applied, such that the amended complaint governed jurisdictional analysis. Dkt.116:5-6. Yet, the order then rested upon its "prior order" (Dkt.116:7) – a prior order that analyzed the incorrect complaint. The Court asked the Parties to advise as to next steps. Dkt.116:9. Plaintiffs herein respond: **(1)** Defendant must file a motion, **(2)** the prior dismissal order must be amended, **(3)** the CAFA discovery request was wholly ignored; **(4)** refusing to consider Article III jurisdiction, despite facial and factual challenges is improper.

# TABLE OF CONTENTS[1]

Page

RESPONSE TO COURT ORDER ON NEXT STEPS ................................................................... 3

    I.    PROCEDURALLY, THE CIVIL RULES AND THE PRINCIPLE OF PARTY PRESENTATION REQUIRE DEFENDANT TO FILE A MOTION. ................................................................................ 3

        A.    The motion need not be complex and could be very simple if Defendant chooses. ..... 3

        B.    The Civil Rules require a motion and give no authority to suspend those rules. ........ 3

        C.    The principle of party presentation makes it highly improper to act *sua sponte*. ......... 4

    II.    ON THE MERITS, THE DISMISSAL ORDER MUST BE AMENDED AND CANNOT BE SIMPLY REINSTATED FOR SEVERAL REASONS. ................................................................................ 6

        A.    The appellate judgment was vacated and is not operative. ........................................... 6

        B.    The anti-SLAPP position was withdrawn and should be excised from the order. ....... 7

        C.    A cardinal principle of judicial restraint require amending the prior order. ................ 8

    III.    THE ORDER ENTIRELY OVERLOOKED THE IMPLICATIONS OF ROYAL CANIN FOR JURISDICTIONAL DISCOVERY AND JURISDICTIONAL DISCOVERY IS AGAIN REQUESTED. ........... 9

    IV.    THE HONORABLE COURT HAS NEVER CONSIDERED OR ESTABLISHED ARTICLE III JURISDICTION, WHICH MUST BE CONSIDERED AND DECIDED.. ............................................... 11

CERTIFICATE OF SERVICE ................................................................................................... 13

---

[1] Herein, emphasis is added unless otherwise indicated. Internal brackets, quotation marks, and citations are frequently removed for ease of reading. Citations to the docket entries of this Honorable Court of the Ninth Circuit are to the CM/ECF docket-stamp pagination. Citations to the Supreme Court docket use the internal pagination of the document since there is no stamping process.

**RESPONSE TO COURT ORDER ON NEXT STEPS**

The Parties conferred telephonically on November 19, 2025, as directed by the Honorable Court, via their respective counsel. During that telephonic conference, Plaintiffs' counsel shared the issues discussed herein. Plaintiffs' counsel offered to submit a single document containing both Parties' statement. Defendant's counsel expressed a preference to file separately, and, accordingly, this Response is Plaintiffs' statement regarding the next steps in the case.

I.  **PROCEDURALLY, THE CIVIL RULES AND THE PRINCIPLE OF PARTY PRESENTATION REQUIRE DEFENDANT TO FILE A MOTION.**

Plaintiffs' position is that entry of judgment cannot simply be *sua sponte* ordered, but rather Defendant must file a motion specifying what issue its wants entered. Moreover, as discussed below, jurisdictional discovery and Article III jurisdictional motions must be considered prior to entry of judgment.

**A. The motion need not be complex and could be very simple if Defendant chooses.**

To reiterate, a renewed motion to dismiss would greatly simplify things because it would allow (1) Defendant to clarify what issues are still in the case and (2) permit briefing on controlling authority that was either (a) overlooked or (b) intervening. Indeed, Defendant could cite and rely wholly upon this Honorable Court's prior order and/or the now-vacated Ninth Circuit opinions as *persuasive* authority as a basis to dismiss. That would allow Plaintiffs to respond and apprise the Honorable Court of overlooked and intervening controlling authorities.

**B. The Civil Rules require a motion and give no authority to suspend those rules.**

Moreover, the Civil Rules *require* a motion to dismiss a case. See Fed. R. Civ. P. 12. There is no exception. For example, the appellate rules allow the *appellate* court to suspend rules and fashion a proceeding as it sees fit. Fed. R. App. 2. There is no authorization of *trial* courts to suspend regular procedure or override it. Regular order must be followed. Regular order requires a motion. And, the motion need not be complex but would have a clarifying basis for all involved to know what issues remain in the case. And, if this Honorable Court remains of the opinion that it was correct on

the merits before, there's no trouble in simply relying upon what was decided before and on appeal as a *persuasive* basis.

### C. The principle of party presentation makes it highly improper to act *sua sponte.*

In general, the civil rules govern proceedings in the federal district courts. E.g., Day v. McDonough, 547 U.S. 198, 212, 126 S. Ct. 1675, 1685, 164 L. Ed. 2d 376 (2006) (Scalia, J., joined by Thomas, Breyer, JJ., dissenting) ("The Civil Rules "govern the procedure in the United States district courts in all suits of a civil nature." Rule 1.").

Notably, there are exceptions, but they are inapplicable here. For example, in habeas proceedings, there is some relaxation of the rule of party presentation. See generally id. (majority opinion on habeas). And, *sua sponte* orders of dismissal are permitted in *in forma pauperis* cases on pre-screening. See Neitzke v. Williams, 490 U.S. 319, 322–323 (1989). Yet those are inapplicable here.

Notably, the Ninth Circuit had held in the 1980s that *sua sponte* dismissal was permitted without a motion. Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6). *See Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 at 593 (1969))."; see also Jackson v. Tampkins, No. 24-4272, 2025 U.S. App. LEXIS 24841, at *1 (9th Cir. Sep. 25, 2025).

Yet, that's no longer good law because both the Ninth Circuit and the Supreme Court have repeatedly emphasized the principle of party presentation. Just re-entering a judgment without a motion would contravene the well-settled **principle of party presentation**. The Supreme Court has enunciated this principle as "basic" to our system of justice:

- "In our adversarial system of adjudication, *we follow the **principle of party presentation***. […] In both **civil and criminal cases**, *in the first instance and **on appeal***, we rely on the parties to frame the issues for decision and assign to courts the role of **neutral arbiter of matters the parties present**." United States v. Sineneng-Smith, 590 U.S. 371, 375 (2020) (cleaned up); Greenlaw v. United States, 554 U.S. 237, 243 (2008) (same).

- Courts "have approved departures from the party presentation principle in <u>criminal cases</u> […] to protect a *pro se* litigant's rights" but "'[o]ur adversary system is designed around the premise that **<u>the parties know what is best for them, and are responsible for advancing the facts and arguments</u>** entitling them to relief.'"  *Greenlaw v. United States*, 554 U.S. 237, 244 (2008); *Wood v. Milyard*, 566 U.S. 463, 472 (2012) (A "federal court does not have *carte blanche* to depart from the principle of party presentation **<u>basic</u>** to our adversary system." (italics in original)); *Arizona v. California*, 530 U.S. 392, 413 (2000) ("the principle of party presentation so **<u>basic</u>** to our system of adjudication").[2]

Defendant has counsel and is responsible for filing a renewed motion to dismiss.

It's not just the Supreme Court.

The Ninth Circuit also adheres to the principle of party presentation. *E.g.*, *Baird v. Bonta*, 81 F.4th 1036, 1041 (9th Cir. 2023) ("[T]he principle of party presentation instead requires the court to 'rely on the parties to frame the issues for decision[.]'"); *In re Tillman*, 53 F.4th 1160, 1173 (9th Cir. 2022) ("[A]biding by the party presentation principle, we had no occasion nor any need to address the question."); *Stevens v. Davis*, 25 F.4th 1141, 1169 (9th Cir. 2022) ("A basic principle of our adversarial system is 'the principle of party presentation.'").

The principle of party presentation "applies all the more in a case such as this, involving a **<u>specialized area of civil law and competent, highly experienced counsel on both sides</u>**." *E.g., Todd R. v. Premera Blue Cross Blue Shield of Alaska*, 825 F. App'x 440, 442 (9th Cir. 2020); *Bell v. Wilmott Storage Servs., LLC*, 12 F.4th 1065, 1071 n.8 (9th Cir. 2021) (applying principle of party presentation in complicated appeal); *Dalfio v. Orlansky-Wax, LLC*, 2022 U.S. App. LEXIS 21470, *1 (9th Cir. Aug. 3, 2022) ("at the <u>Rule 12(b)(1) motion to dismiss phase, and our review is necessarily framed by the parties' arguments on appeal</u>"); *Bedwell v. TBLB Enter. LLC*, 2022 U.S. App. LEXIS 21469, *1 (9th Cir. Aug. 3, 2022) (same).

---

[2] *See also Castro v. United States*, 540 U.S. 375, 386 (2003) (Scalia, J., concurring in the judgment) ("Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief."); *Albright v. Oliver*, 510 U.S. 266, 281 (1994) (Ginsburg, J., concurring) ("The principle of party presentation cautions decisionmakers against asserting it for him."); *cf. GTE Sylvania, Inc. v. Consumers Union of U.S., Inc.*, 445 U.S. 375, 382-383 (1980) ("The clash of adverse parties 'sharpens the presentation of issues upon which the court so largely depends for illumination[.]'").

II. **ON THE MERITS, THE DISMISSAL ORDER MUST BE AMENDED AND CANNOT BE SIMPLY REINSTATED FOR SEVERAL REASONS.**

   A. **The appellate judgment was vacated and is not operative.**

The end of the Honorable Court's order suggests that this Honorable Court is of the mistaken impression that Ninth Circuit's now-vacated memorandum disposition and judgment are still in effect. Dkt.116:9 ("The Ninth Circuit has affirmed that ruling and has determined that "any amendment would be futile.").

They're not. The U.S. Supreme Court vacated the Ninth Circuit's memorandum judgment. Dkt.93. So, no, this Court's dismissal order is not an affirmed judgment because the memorandum disposition, Dkt.89, was subsequently vacated by the U.S. Supreme Court, Dkt.93, such that the only operative appellate decree, Dkt.93, is the one re-opening this Honorable Court's final judgment, Dkt.76, such that there's no final judgment here.

To be clear, the now-vacated Ninth Circuit February 2024 memorandum opinion and judgment **(1)** have no precedential effect and **(2)** are not law of the case. See, e.g., Durning v. Citibank, N.A., 950 F.2d 1419, 1424 n.2 (9th Cir. 1991) ("A decision may be *reversed* on other grounds, but a decision that has been *vacated* has no precedential authority whatsoever." (italics in original); O'Connor v. Donaldson, 422 U.S. 563, 577 n.12 (1975) ("Of necessity our decision vacating the judgment of the Court of Appeals deprives that court's opinion of precedential effect, leaving this Court's opinion and judgment as the sole law of the case.").

Moreover, the Ninth Circuit has expressly cautioned its district courts against reliance upon unpublished decisions. See, e.g., Grimm v. City of Portland, 971 F.3d 1060, 1067 (9th Cir. 2020) ("So, although memorandum dispositions can be cited, and may prove useful, as examples of the applications of settled legal principles when a district court or litigant is interested in demonstrating how a given principle operates in practice, a nonprecedential disposition is not appropriately used— as it was here—as the pivotal basis for a legal ruling by a district court. Among other problems with such usage, heavy reliance by a district court on a nonprecedential disposition leaves this Court on appeal without a legal analysis to review, as the disposition relied upon by the district court has at most marginal relevance to our analysis on appeal.").

**B. The anti-SLAPP position was withdrawn and should be excised from the order.**

The Honorable Court's order of dismissal had granted Defendant's anti-SLAPP motion to strike. Dkt.74:2 ("**Plaintiffs' claims are subject to the anti-SLAPP statute.**" (bolded title in original)); Dkt.74:2-3 (analysis on anti-SLAPP); Dkt.74:5 ("Both the motion to strike and motion to dismiss are GRANTED.").

Then, on appeal, Defendant _withdrew_ its anti-SLAPP positions upon the condition that the Ninth Circuit affirmed on the merits. Defendant.Answering.Br (9th Cir.Dkt.61-1:1) ("[B]ecause Netflix will not seek attorneys' fees against Plaintiffs if this Court were to affirm, there is no need for this Court to engage with Plaintiffs' anti-SLAPP arguments."); 9th.Cir.Dkt.61-1:72 ("Netflix will not seek attorneys' fees against the Plaintiffs if it prevails in this appeal. Thus, the applicability of the anti-SLAPP statute is moot at this stage.").

The Ninth Circuit accepted that withdrawal and affirmed. N.D.Cal.Dkt.87:5 ("Netflix has not sought, and agrees it will not seek, attorney's fees against Plaintiffs if we affirm the district court's order dismissing Plaintiffs' claims."); Dkt.87:6 ("**AFFIRMED**." (bolding in original)). Accordingly, the anti-SLAPP issue was withdrawn because the case was affirmed.

Of course, the Supreme Court later vacated the affirmance. Dkt.93. Yet, Defendant never conditioned this withdrawal upon any result at the U.S. Supreme Court. See generally 9th.Cir.Dkt.61-1. Instead, Defendant merely reserved the right to file another anti-SLAPP motion. 9th.Cir.Dkt.61-1:57.n.9 ("Should this Court reverse to allow Plaintiffs another amendment, Netflix reserves the right to move to strike under the Anti-SLAPP statute and seek fees."). Accordingly, the Honorable Court cannot simply re-enter a _withdrawn_ and, so waived, position. There would seem to be two options here:

1. The Honorable Court could amend its prior opinion to excise the portion discussing anti-SLAPP entirely if Defendant does not file a motion.
2. The Honorable Court could permit Defendant to indicate whether it wishes to proceed with another briefing or to maintain its withdrawal.
3. Either way, there _is intervening controlling case law_ that indicates the _incorrect test_ was applied and, so, Plaintiffs **_must_** be heard on that.

In no event can there be a *sua sponte* re-entry of an order after it's been withdrawn on appeal, especially <u>without letting Plaintiffs be heard on intervening controlling authority</u>.  To be clear, it's been nearly 4 years since the anti-SLAPP order.  Dkt.74, Dkt.76.   This timeframe is especially because there's intervening controlling authority (and wholly ignored controlling authority) from the California Supreme Court that indicates that the prior order's anti-SLAPP analysis did *not* apply the correct §425.16(e)(4) test and incorrectly applied §425.16 generally in failing to determine the basis of the liability of the complaint.

The simple fact here is that Defendant has deliberately withdrawn, and so has waived, its anti-SLAPP position.  And, that deliberate withdrawal, barring its reservation of right to "***move*** to strike" against is controlling unless and until a motion is filed.  9th.Cir.Dkt.61-1:57.n.9;[3] see, e.g., Wood, 566 U.S. at 472–473 ("It would be an abuse of discretion, we observed, for a court to override a [party's] deliberate *waiver* of a limitations defense."); id. at 471 n.5 ("Although our decision in Granberry did not expressly distinguish between forfeited and waived defenses, we made clear in Day that a federal court has the authority to resurrect *only forfeited* defenses." (cleaned up)); Day v. McDonough, 547 U.S. 198, 211 n.11 (2006) ("[S]hould a [party] intelligently choose to *waive* a statute of limitations defense, <u>a district court would **not** be at liberty to disregard that choice.</u>"); Alvarez v. Lopez, 835 F.3d 1024, 1027 (9th Cir. 2016) ("[W]e may not override a [party's] deliberate waiver[.]  […]  We have no discretion to raise nonexhaustion on our own initiative when a [party] strategically withholds this defense, chooses to relinquish it, makes a deliberate decision to proceed straightaway to the merits, or deliberately steers the court away from the issue.").

### C. A cardinal principle of judicial restraint require amending the prior order.

This Honorable Court's prior opinion addressed issues that were unnecessary to decide the motion to dismiss.  It addressed <u>4</u> issues – 2 procedural issues (wrongful-death standing and survivor limitations) and 2 merits issues (strict liability and duty of care) – when only two were necessary.

---

[3] See, e.g., Hamer v. Neighborhood Hous. Servs. of Chicago, 583 U.S. 17, 20 n.1 (2017) ("The terms waiver and forfeiture—though often used interchangeably by jurists and litigants—are not synonymous.  Forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right." (cleaned up)); Wood v. Milyard, 566 U.S. 463, 470 n.4 (2012) (emphasizing "distinction between defenses that are 'waived' and those that are 'forfeited'").

Specifically, insofar as this Honorable Court believed that Bella Herndon's siblings lacked "lack standing to bring a wrongful death claim[,]" Dkt.74:3 (paragraph starting "***First***"), and that the survivor claims are "time-barred[,]" Dkt.74:4 (paragraph starting "***Second***"), no more was necessary to decide the motion to dismiss. Indeed, the now-vacated memorandum decision makes that much abundantly clear. Dkt.87. It did not need to reach additional issues beyond those two, and neither does this Honorable Court.

So, it leaves a choice of issue. The Honorable Court could either stand on its position (or amended position to incorporate the analysis of the now-vacated opinion) for those two issues. Or it could, alternatively, decide to enter judgment on the other issues – duty of care and strict liability. Dkt.74:4-5 ("***Third***" and "***Fourth***"). That's up to the discretion of the Honorable Court. Yet, it cannot and should not do both.

That would violate cardinal principles of judicial restraint. E.g., Cervantes-Torres v. United States, 141 F.4th 1101, 1107 (9th Cir. 2025) ("Having decided as much, the 'cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more—counsels us to go no further.'").

### III. THE ORDER ENTIRELY OVERLOOKED THE IMPLICATIONS OF <u>ROYAL CANIN</u> FOR JURISDICTIONAL DISCOVERY AND JURISDICTIONAL DISCOVERY IS AGAIN REQUESTED.

The Honorable Court entirely overlooked the implications of the amended complaint and the renewed request for jurisdictional discovery. Specifically, in the supplemental briefing, Plaintiffs discussed how "[i]n the least" the amended complaint supports a strong basis for jurisdictional discovery. Dkt.109:24 ("In the least it would be a basis for jurisdictional discovery should the amended complaint be considered."). ***<u>Plaintiffs against renew their request for jurisdictional discovery and to the extent that this Court is going to enter judgment, this filing shall be construed as a motion for jurisdictional discovery</u>***.

Again, Plaintiffs have alleged the necessary composition to require remand. Dkt.22:21¶77. Insofar as this Honorable Court is going to *sua sponte* challenge that allegation, it must allow (1) amendment (which is hereby request) and (2) permit discovery into the citizenship of the persons composing the class.

Plaintiffs seek **_highly limited discovery_** and of information that is **_only in Defendant's possession_**.  Specifically, Plaintiffs have attached the entirety of the discovery they need from Defendant – the contact information for the account holders who watched the show.  These attached proposed ROG and proposed RFP are the entirety of what is needed.  Moreover, the attached declaration of Mr. Xiao Yang a/k/a "Bill Xiao," an experienced data scientist, concludes that this material could be pulled by Defendant in mere minutes.  Yang.Decl.2 ("_I cannot stress enough that this task is simple and getting the account contact information associated with accounts that watched a particular show could be readily accomplished by an entry-level data scientist who knew where the data is stored in about 5 to 10 minutes of work, with the rest being time it takes for computer in finish running the query, which might take a while depending on data volume and compute resource._").

All in all, what Plaintiffs are requesting in jurisdictional discovery would take Defendant mere minutes.  And, Plaintiffs respectfully submit that they must given an opportunity to brief this issue given that the _amended_ complaint controls, _not_ the original complaint, when the _original_ complaint was the basis of the denial, such that the issue has not been ruled upon.  In any event, if this Honorable Court will not afford the family of a dead girl the mere courtesy of an opportunity to brief this issue now that it is definitively decided that the _incorrect_ complaint was analyzed as a basis of denying jurisdictional discovery, Plaintiffs respectfully submit that this Honorable Court is giving them a fair process and an opportunity to brief.  See, e.g., Mondragon v. Capital One Auto Fin., 736 F.3d 880, 885 (9th Cir. 2013) ("We instruct the district court to allow Mondragon an opportunity, if he chooses to do so, to renew his motion to remand and to take jurisdictional discovery tailored to proving that more than two-thirds of the putative class are citizens of California.").

They lost their daughter and sister, after all.  That is not in dispute.

Regardless, if not, then _this filing_ is construed as a motion and is submitted as a renewed (and highly limited) request for jurisdictional discovery, where a seasoned expert tells us that the discovery requested would take some at Netflix _minutes_ to accomplish.

**IV. THE HONORABLE COURT HAS NEVER CONSIDERED OR ESTABLISHED ARTICLE III JURISDICTION, WHICH MUST BE CONSIDERED AND DECIDED..**

This Honorable Court thinks it has decided subject-matter jurisdiction. Plaintiffs respectfully disagree on numerous fronts that they submit are well-established, but will not re-iterate them here, even though they continue to believe that this Honorable Court's jurisdictional views are profoundly mistaken.

Regardless, there is something indisputable: the Honorable Court has never considered and determined, as is its unflagging obligation and duty to do, its own Article III jurisdiction. Dkt.116; Dkt.45. Specifically, its most recent order doesn't mention Article III or injury in fact *__anywhere__*. See generally Dkt.116. Likewise, its 2021 order doesn't mention Article III or injury in fact *__anywhere__*. See generally Dkt.45. And, Plaintiffs have notified the Honorable Court that they have *__facial and factual objections__* to the assertion of Article III injury in fact, both prior to the appeal and on remand. Dkt.70:7-8. And, then, Plaintiffs *again* reiterated it, devoting a whole section of their briefing to it in the supplemental reply. Plaintiffs'.Supplemental.Reply Section II.F ("**Regardless of which complaint, no demonstrated Article III injury in fact has been established as to any Plaintiff or any other diverse putative class member.**").

*Even* if this Honorable Court thinks it has a basis for "diversity," it must **__also__** consider and establish jurisdiction under Article III's case or controversy requirement. And, the Supreme Court's decision in TransUnion is centrally important because it establishes that injury in fact must be *demonstrated* as to *both* named plaintiffs **__and__** class members. TransUnion LLC v. Ramirez, 594 U.S. 413, 417 (2021) ("We conclude that those 1,853 class members have demonstrated concrete reputational harm and thus have Article III standing to sue on the reasonable-procedures claim. The internal credit files of the other 6,332 class members were not provided to third-party businesses during the relevant time period. We conclude that those 6,332 class members have not demonstrated concrete harm and thus lack Article III standing to sue on the reasonable-procedures claim."). **__Thus, Plaintiffs submit that there is not basis, facially and factually, to enter judgment when there has been no demonstration of fact showing that there is Article III jurisdiction as to both Plaintiffs and a diverse class member__**.

To reiterate points made in the supplemental briefing and wholly overlooked in the order, points definitively strengthened by the

> In TransUnion, the Supreme Court Court reaffirmed a clear rule that a "concrete harm" must be established to bring a case to federal court. TransUnion LLC v. Ramirez, 594 U.S. 413, 417 (2021). Simply put, "[n]o concrete harm, no standing." Id. That injury-in-fact inquiry turns on whether there's a "**close historical or common-law analogue**[.]" Id. at 424. That's because the "judicial power of common-law courts was historically limited depending on the nature of the plaintiff's suit." Spokeo, Inc. v. Robins, 578 U.S. 330, 343 (2016) (Thomas, J., concurring). And, such "limitations persist" in modern Article III standing doctrine. Id. And, in turn, the common law did *not* recognize death as an injury. E.g., Henshaw v. Miller, 58 U.S. 212, 219 (1855) ("The maxim of the common law is 'actio personalis moritur cum persona[.]'"); Hunt v. Authier, 28 Cal. 2d 288, 290 (1946) ("At common law the maxim, Actio personalis moritur cum persona, persisted to effect the abatement of all actions[.]"). Simply put, at common law, it was well-settled that a personal right of action dies with the person. Indeed, "[n]othing was more firmly settled at common law[.]" Clark v. Goodwin, 170 Cal. 527, 529-530 (1915). Thus, there are serious Article III injury-in-fact infirmities with Defendant's theory *because there are no allegations whosoever establishing an injury-in-fact for any person.* Indeed, even as to Bella Herndon and Plaintiffs, there are no allegations in the notice of removal or either complaint that establish an injury-in-fact. Death is *not* an injury-in-fact. And, Defendant hasn't demonstrated an injury-in-fact as to Plaintiffs. Defendant certainly hasn't as to any other persons – and would need to explain the injury in fact. It hasn't.

Plaintiffs.Supplemental.Reply.12-13.

To the extent that this Honorable Court will not provide an opportunity for further briefing, this response is intended to be a motion constituting both a *facial* and a *factual* challenge to subject-matter jurisdiction to the fullest extent possible. Notably, this challenge may be made at any time and, regardless, Plaintiffs had apprised this Honorable Court of their Article III objections based upon an entire lack of any Article III *pleadings* or *evidence*, such that both Article III facial and factual challenges are warranted and hereby made.

This issue must be decided and cannot be waived. See, e.g., Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988) ("**It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court**. Dyer v. Greif Bros., Inc., 766 F.2d 398, 401 (9th Cir. 1985); Fed. R. Civ. P. 12(h)(3).").

Indeed, because the Ninth Circuit is a court of review, not first view.  See Dkt.93:6 (""As a federal court of appeals, we must always be mindful that we are a court of review, not first view."). Continuing to wholly overlook this issue, despite repeated objections over the course of years, is not only problematic because it goes to the ultimate authority of this Honorable Court over this case, but it is also problematic because it leaves the Honorable Ninth Circuit with nothing to review on appeal on the issue.

Notably, the issue cannot be waived and *must* be addressed, both by this Honorable Court and by the Court of Appeals: "every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review[.]'" E.g., Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986).  Respectfully, proceeding to enter a judgment here *without* allowing briefing and then considering the *factual basis* for an exercise of Article III jurisdiction is improper.

DATED: November 20, 2025                Respectfully submitted,

                                        /s/ Ryan Hamilton
                                        Ryan Hamilton
                                        HAMILTON LAW LLC
                                        5125 South Durango, Suite C
                                        Las Vegas, Nevada 89113
                                        (702) 818-1818
                                        Ryan@HamLegal.com

                                        *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing via electronic filing in CM/ECF.

DATED: November 20, 2025                /s/ Ryan Hamilton
                                        Ryan Hamilton